## ·THE IRA M. HEDGES.[1]

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 18.    Argued October 27, 1910.—Decided November 7, 1910.

Where the decree of the lower court is founded on denial of jurisdiction of the Admiralty Court, this court has jurisdiction of the appeal.

The right to contribution is not a mere incident of a form of procedure, but it belongs to the substantive law of the admiralty.

The right to contribution in the admiralty cannot be taken away because the claim is asserted against one of those causing the damage at common law and put into judgment.

Where two vessels cause an injury to a third the fact that the injured party obtains judgment against the owners of one of the vessels in fault does not deprive the admiralty of jurisdiction of a suit brought by those against whom the judgment is entered against the other vessel to compel contribution.

*Quære* as to what, if anything, such judgment conclusively establishes.

THE facts, which involve the jurisdiction of the Admiralty Court, are stated in the opinion.

*Mr. William S. Montgomery*, with whom *Mr. Geo. H. Emerson* was on the brief, for appellant:

There is no method under the New York Code by which one joint tort-feasor, defendant in an action, can implead another joint tort-feasor as a defendant; nor, if there were, could libellant have compelled the payment by the claimant in the courts of New York of any part of a joint judgment. *Gittleman* v. *Feltman*, 191 N. Y. 205, does not hold that a joint tort-feasor defendant can implead another joint tort-feasor as defendant. All it holds is that a

[1] Docket title, No. 18, Lehigh Valley Railroad Company *v.* Cornell Steamboat Company, Claimant of Steam-tug Ira M. Hedges.

plaintiff may so amend his pleadings as to bring in another tort-feasor as defendant: an entirely different proposition from one joint tort-feasor impleading another as defendant. The rule that one joint tort-feasor cannot implead another as defendant has been settled for many years in New York. *Chapman* v. *Forbes,* 123 N. Y. 532; *Bauer* v. *Dewey,* 166 N. Y. 402.

The fact that one of the parties injured by the collision elected to proceed at common law cannot defeat the libellant's right to contribution—a right recognized by the admiralty law, and brought into existence the very moment the wrong is committed.

There can be no doubt that the right of contribution exists in admiralty. *The Mariska,* 107 Fed. Rep. 991, reversing 100 Fed. Rep. 500.

As the court there said, the Fifty-ninth Rule did not create the right of contribution, but merely recognized the right as preëxisting, and established a means by which it could be easily enforced. The right to enforce contribution does not fail merely because one of the guilty vessels is out of the jurisdiction. It is not dependent upon the accident of locality, nor should it be dependent upon the mere fact that one of the parties sees fit to pursue the common law remedy.

The right is not given by the form of remedy pursued, but is created by the wrong, and being of admiralty origin may be, and should be, recognized in admiralty so long as it remains unsatisfied. *Erie R. R. Co.* v. *Erie Transp. Co.,* 204 U. S. 220, 225.

The lower court meets these decisions by saying that they involve cases originally arising in admiralty, and holds that by one of the parties (the innocent one, of course) proceeding at common law, this right given by the admiralty can be defeated, but cannot be sustained. If the right of contribution exists at all, it exists from the very moment of the collision, being brought into exist-

ence by the collision, and it cannot be defeated or impaired simply because one of the parties elects to proceed in the common law forum.

This is not a case where the libellant is estopped by its election of the remedy, because it had nothing to say with regard to what remedy should be pursued. It might have been different had the Hedges sued at common law for damages incident to a collision. Then the Hedges would have taken the chances of contributory negligence barring a recovery, and the final judgment would then have been *res adjudicata* as to the Hedges' negligence.

The judgment in the common law action was not *res adjudicata*. *Erie R. R. Co.* v. *Erie Transp. Co.*, 204 U. S. 220; and see *The Juniata*, 93 U. S. 337. If the right of contribution in admiralty can be defeated by the innocent party selecting his forum, then grave injustice may be done, something that admiralty, like equity, abhors. The saving to the suitor of the common law remedy does not mean that under its guise a gross injustice may be done, and that admiralty shall be deprived of enforcing a right which it recognizes; and see also Hughes on Admiralty, 276; *The North Star,* 106 U. S. 17, 20. As to the jurisdictional question, see Hughes on Admiralty, 285.

*Mr. J. Parker Kirlin,* with whom *Mr. Amos Van Etten* was on the brief, for appellee:

The cause of action stated in the libel did not give rise to a maritime lien, and, accordingly, afforded no foundation for a proceeding *in rem* against the tug.

The action was manifestly one to recover indemnity for the amount of the judgment for damages, costs and interest, and for the amount spent by the libellant in the defense of an action at law.

Though the claim involved in the action at law was maritime in the sense that it could have been sued on in

admiralty, yet it was an action in tort in respect of which the plaintiff was entitled to pursue his remedy at law. When the claim became merged in the judgment, and extinguished by payment, it lost its maritime character. *Brinsmead* v. *Harrison*, L. R. 7 C. P. 190.

The libel did not state a cause of action *in rem* against the tug, and hence the libel should have been dismissed on this ground.

Whether the libellant might proceed in a personal action in admiralty for contribution was not before the District Judge, even if the District Judge was right in treating the libel as one filed for contribution to collision damage, the claim was properly dismissed.

The only appeal by the libellant should be presented to the Court of Appeals and not to this court.

The District Judge properly decided that as the libellant was sued at law, he could not come into admiralty for contribution, at least, until he had satisfied the court that he was without remedy elsewhere. N. Y. Code Civ. Proc., §§ 452, 723; and see *Gittleman* v. *Feltman*, 191 N. Y. 205, which governs this case. *Chapman* v. *Forbes*, 123 N. Y. 532, and *Bauer* v. *Dewey*, 166 N. Y. 402, on which the appellant relies, are distinguishable. The libellant having neglected to have its alleged right of exoneration or contribution litigated and determined in the original action by not bringing appellee in as a co-defendant, cannot escape the consequences of its inaction by attempting to continue the litigation in a different forum.

It does not appear that the railroad company exhausted the usual remedies before seeking indemnity or contribution in admiralty. Pollock on Torts, 6th ed., 195. Contribution can be enforced when it is by inference of law only. See *Ankeny* v. *Moffett*, 37 Minnesota, 109; *Armstrong County* v. *Clarion County*, 66 Pa. St. 218; *Horbach's Admr.* v. *Elder*, 18 Pa. St. 33; *Nickerson* v. *Wheeler*, 118 Massachusetts, 295; *Herr* v. *Barber*, 2

Mackey, 545; *Johnson* v. *Torpy*, 35 Nebraska, 604; *Bank* v. *Avery Co.*, 69 Nebraska, 329; *The Hudson*, 15 Fed. Rep. 162; *Bailey* v. *Bassing*, 28 Connecticut, 455; *Ches. & Ohio Canal Co.* v. *County*, 57 Maryland, 201; *Acheson* v. *Miller*, 2 Ohio St. 203; *Upham* v. *Dickinson*, 38 Michigan, 338; *Eaton & Prince Co.* v. *Trust Co.*, 123 Mo. App. 131; *Andrews* v. *Murray*, 33 Barb. 354; *Gilbert* v. *Finch*, 173 N. Y. 455; *Kolb* v. *National Surety Co.*, 176 N. Y. 233; *Union Stock Yards* v. *Chicago, Burlington & Quincy Ry.*, 196 U. S. 217, do not hold that contribution cannot be recovered outside of admiralty on the allegations of the libel in this case.

The libellant is not entitled to recover a contribution in admiralty in respect of a common law judgment. Though the plaintiff might originally have proceeded against the Slatington or the Hedges, or both, in admiralty, it had an undoubted right to proceed at law, and the railroad company has no ground of complaint because the consequences of the election exercised by the plaintiff may be different from those which would have followed if the plaintiff had elected to proceed in another forum. *Schoonmaker* v. *Gilmore*, 102 U. S. 118; *The Mariska*, 107 Fed. Rep. 989; *Erie R. R. Co.* v. *Erie Transp. Co.*, 204 U. S. 220; *The Juniata*, 93 U. S. 337, 340, support this view. Under the maritime law damage by collision is a common loss upon all vessels whose faults have contributed to the damage. Admiralty Rule 59, recognizing this doctrine, provided a way for bringing all vessels charged with fault before the court, so that the rights and liabilities of all parties concerned in the collision could be adjudicated in a single proceeding. And if one vessel is absent so that it cannot be brought in under Rule 59, contribution for its share of the loss may be obtained by a separate suit.

There is no authority, however, for the proposition that because the plaintiff might originally have sued to recover compensation under the maritime law, a judgment

which he has obtained by pursuing his rights at common law may still be used as the basis of an action for contribution in admiralty. *Selz* v. *Unna*, 6 Wall. 327, 335.

A defendant by paying a judgment obtained against him for a tort at common law does not become subrogated to the plaintiff's original right against another who might also have been sued as a joint tort-feasor.

Without such subrogation (which would follow from the payment of a decree against one of the two joint tort-feasors sued in admiralty) the defendant, who has paid a common law judgment, has no cause of action against his co-tort feasor on the plaintiff's original claim.

Mr. Justice Holmes delivered the opinion of the court.

This is a libel for contribution. The libel was excepted to by the claimant and was dismissed on the ground that the District Court sitting as a Court of Admiralty had no jurisdiction to enforce contribution between the parties on the facts.

The facts alleged are as follows. The appellant was in possession of the tug Slatington under a demise, and the tug was crossing the North River with car-float No. 22 alongside on the port side. The tug Ira M. Hedges was coming up the river on the port side with two stone scows in tow, one on each side. There was a collision between one of those scows, the Helen, and car-float No. 22, which was caused or contributed to by the Ira M. Hedges. The owner of the Helen, not being the owner of the Ira M. Hedges, brought an action at common law and recovered a judgment against the appellant, the owner of the Ira M. Hedges not being made a party defendant in that suit. The appellant paid the judgment and brought this libel against the Ira M. Hedges, in terms to recover the amount of the claim set forth in the libel, but, it fairly may be held, in substance to recover, if not the whole,

then contribution for what the libellant has had to expend.

The first question is whether this court has jurisdiction of the appeal. It is said that the dismissal of the libel, although expressed to be for want of jurisdiction, really is on the merits, because payment of a judgment at common law is not a ground for contribution from a joint wrongdoer, not a party to the suit. There sometimes is difficulty in distinguishing between matters going to the jurisdiction and those determining the merits. *Fauntleroy* v. *Lum,* 210 U. S. 230, 235, and, no doubt, this case presents that difficulty. But perhaps it may be said that the two considerations coalesce here. The admiralty has a limited jurisdiction. If there are no merits in the claim it is of a kind that the admiralty not only ought not to enforce but has no power to enforce. At all events, the form of the decree must be taken to express the meaning of the judge. If the decree was founded, as it purports to be, on a denial of jurisdiction in the court, this court has jurisdiction of the appeal. For all admiralty jurisdiction belongs to courts of the United States as such, and therefore the denial of jurisdiction brings the appeal within the established rule. See *The Steamship Jefferson,* 215 U. S. 130, 138.

Coming to the substance we are of opinion that the decision was wrong. The right to contribution belongs to the substantive law of the admiralty. *Erie R. R. Co.* v. *Erie & Western Transportation Co.,* 204 U. S. 220. It is not a mere incident of a form of procedure. Therefore the fact, over which the libellant had no control, that the injured party saw fit to sue at common law cannot take that right away. The passing of the claim against the libellant into the form of a judgment before the claim was satisfied has no bearing upon the question whether the right to contribution remains. It does not matter to this question, even if it be true, as thought by the court below,

that the libellant might have required the owner of the
Ira M. Hedges to be made a party.  For it still would
have rested with the plaintiff in the former suit to collect
from the appellant alone if it saw fit, and, if it had done so,
it is at best but a speculation to suggest that the libellant
could have recovered from its co-defendant at common
law.

The question as to what is conclusively established by
the common law judgment is not before us, but only the
jurisdiction of the court.  But we may add that the appel-
lant seeks to recover contribution for the amount paid,
not as *res judicata,* but as one of the consequences of a
joint tort from which it could not escape, and which its
fellow wrongdoer was bound to contemplate.  The claim-
ant of course does not desire to dispute the appellant's
negligence.  It is free to deny its own.  Whether if it were
so minded it could controvert the amount of the damage
as determined by the judgment need not be discussed.
No doubt it would have been a prudent course for the
appellant to give notice to the owner of the Ira M. Hedges
to take part in the defence, with a view to its possible
ultimate liability.  Whether a failure to do so would
affect its rights is not before us to decide.  We do not
mean to intimate that the failure is material where there
has been a *bona fide* defence.

*Decree reversed.*