MITCHELL COAL & COKE CO. v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Third Circuit. December 26, 1911.)

No. 35 (1,542).

COURTS (§ 405*) — JURISDICTION — FEDERAL COURTS — CIRCUIT COURT OF APPEALS.

Act Cong. March 3, 1891, c. 517, 26 Stat. 826, establishing the Circuit Court of Appeals, provides by section 5 (U. S. Comp. St. 1901, p. 549), that appeals or writs of error may be taken from the District Courts or from the existing Circuit Courts direct to the Supreme Court in any case in which the jurisdiction of the court is in issue, in which case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision. Section 6 declares that the Circuit Court of Appeals shall exercise appellate jurisdiction to review by appeal or writ of error final decisions in the existing Circuit Courts in all cases other than those provided for in the preceding section, unless otherwise provided by law, and that the decrees of the Circuit Court of Appeals shall be final in all cases in which the jurisdiction is dependent entirely on the opposite parties being aliens and citizens of the United States, or citizens of different states, also in all cases arising under the patent laws, the revenue and criminal laws, and in admiralty cases. *Held*, that where a suit against an interstate carrier to recover damages for violation of Interstate Commerce Act Feb. 4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1901. p. 3154), in giving rebates to one of plaintiff's competitors, was dismissed because the Circuit Court prior to action by the Interstate Commerce Commission had no jurisdiction of the subject-matter, such objection constituted an attack on the court's jurisdiction as a federal court, and hence the Circuit Court of Appeals had no jurisdiction to entertain a writ of error to review the same.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 405.*

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit by the Mitchell Coal & Coke Company against the Pennsylvania Railroad Company. From an order of dismissal (183 Fed. 908) for want of jurisdiction, plaintiff brings error. On motion to dismiss. Granted.

Joseph Gilfillan (Graham & Gilfillan, on the brief), for plaintiff in error.

John G. Johnson and Francis I. Gowen, for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. This was an action in the court below, brought by the Mitchell Coal & Coke Company against the Pennsylvania Railroad Company, the appellee, to recover damages for violation of the provisions of the interstate commerce act, in that a special rebate was allowed to certain of plaintiff's competitors in their shipments of coal and coke over defendant's road, which special rebate was not allowed to the plaintiff in its shipments of coal and coke, made over the lines of defendant to some interstate markets under

similar circumstances and conditions. After being upon the trial list at several terms of court, the parties, by their respective counsel, made an agreement for a reference of the case, wherein it was provided that all questions of law and fact should be submitted to the referee, who was to take testimony and report the same to the court with findings of fact and conclusions of law, and whether judgment should be entered for plaintiff or defendant, and if for the plaintiff, in what amount. It was provided that the referee should have all the powers of a master in chancery, and that his final report should have the same force and effect which would attach to the report of a master in chancery. Each party reserved the right of exception and appeal. Upon the report of the referee, exceptions were filed and were argued, some of which were passed upon by the court; but the court stated that, inasmuch as on certain points further findings of fact would be required, a re-reference for that purpose would be ordered, unless the parties agreed as to what such facts were.

In one of its exceptions, the defendant raised the question of jurisdiction, suggesting that the Interstate Commerce Commission should have been first applied to, and that for the present at least the Circuit Court had no jurisdiction of the suit. With reference to this exception, the court said:

"The recent decision of this court in Morrisdale Coal Co. v. Penna. R. R. Co. [C. C.] 176 Fed. 748, is referred to in support of this proposition. That case is now sub judice in the Court of Appeals, and obviously, as it seems to me, I should not repeat a ruling which should shortly be declared erroneous. For the immediate purpose, I shall therefore hold formally that the Circuit Court should hold jurisdiction of the pending controversy."

Afterwards, and before any other proceedings were had in the court below, and after the judgment of this court in the case of the Morrisdale Coal Co. v. Pennsylvania Railroad Co., 183 Fed. 929, 106 C. C. A. 269, had been announced, the defendant filed a motion to dismiss the suit, for want of jurisdiction in the Circuit Court, on the ground that the character of the suit was such that, under the interstate commerce act (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]), application should have first been made to the Interstate Commerce Commission, and that there was no jurisdiction in the Circuit Court under the act touching the subject-matter of the suit until after such application had been made. This motion was granted by the court below and the case dismissed for want of jurisdiction, for the reasons stated. To this judgment, a writ of error has been sued out from this court. Though the record brought up by this writ is somewhat voluminous, containing all the evidence, documentary and otherwise, produced on either side during the protracted proceedings in the court below, the final judgment is one for the dismissal of the suit for want of jurisdiction. It is therefore a question of jurisdiction alone that is presented to this court by the writ of error, unaccompanied by any question as to the merits, as no judgment on the merits was ever reached in the court below.

The inquiry at once presents itself, whether this court has appellate jurisdiction in the premises? The appellate jurisdiction of this court is set forth and defined in the sixth section of the act of March

3, 1891 (26 Stat. 828, c. 517 [U. S. Comp. St. 1901, p. 549]), estab-lishing Circuit Courts of Appeals, as follows:

"Sec. 6. That the Circuit Courts of Appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decision(s) in the District Court(s) and the existing Circuit Courts in all cases other than those provided for in the preceding section of this act, un-less otherwise provided by law, and the judgments or decrees of the Circuit Courts of Appeals shall be final in all cases in which the jurisdiction is de-pendent entirely upon the opposite parties to the suit or controversy, being aliens and citizens of the United States or citizens of different states; also in all cases arising under the patent laws, under the revenue laws, and under the criminal laws and in admiralty cases."

To ascertain this residuum of appellate jurisdiction conferred upon the Courts of Appeals, we turn to the "preceding section" (section 5), which defines the appellate jurisdiction of the Supreme Court, as fol-lows:

"Sec. 5. That appeals or writs of error may be taken from the District Courts or from the existing Circuit Courts direct to the Supreme Court in the following cases:

"(1) In any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision.

"(2) From the final sentences and decrees in prize causes.

"(3) In cases of conviction of a capital or otherwise infamous crime.

"(4) In any case that involves the construction or application of the Consti-tution of the United States.

"(5) In any case in which the constitutionality of any law of the United States, or the validity or construction of any treaty made under its author-ity, is drawn in question.

"(6) In any case in which the Constitution or law of a state is claimed to be in contravention of the Constitution of the United States."

It is clear, therefore, that this court is excluded from appellate jurisdiction in all cases in which appellate jurisdiction is conferred by this section on the Supreme Court. If, then, the present case is one in which the jurisdiction of the court below is in issue, in the sense in which the language above quoted must be taken, and that question alone is presented, unembarrassed by any judgment or decision on the merits, appellate jurisdiction is denied to this court by section 6 of the Court of Appeals Act.

Some of the earlier decisions of the Circuit Courts of Appeals have given a very broad construction to this language—so broad as to in-clude every issue of jurisdiction in a lower court without regard to the grounds upon which it was raised. But the Supreme Court has, in several cases, construed the language of paragraph (1) of section 5, above quoted, to include only cases where the question is as to the jurisdiction of courts of the United States, as such, and that question alone must be certified. In Schweer v. Brown, 195 U. S. 171, 25 Sup. Ct. 15, 49 L. Ed. 144, it was decided by the Supreme Court that, where a District Court, in bankruptcy, asserted jurisdiction in a sum-mary proceeding, to require the payment to the trustee in bankruptcy of a sum of money, as part of the bankrupt's estate, jurisdiction being denied on the ground that it was an adverse claim to money which could only be tried in a plenary suit, the issue of jurisdiction raised was not of the court, as a federal court, and the appellate jurisdiction

belonged to the Circuit Court of Appeals. So, too, in Shipbuilding Co. v. Hagg, 219 U. S. 175, 31 Sup. Ct. 185, 55 L. Ed. 163, the Supreme Court said:

"This court has had frequent occasion to determine what is meant in the statute providing for review of cases in which the jurisdiction of the court is in issue, and it has been held that the statute means to give a review, not of the jurisdiction of the court upon general grounds of law or procedure, but of the jurisdiction of the court as a federal court"

—and decided that where jurisdiction by diversity of citizenship exists, the question of whether the Circuit Court has jurisdiction to enforce the decree of another sovereignty is a question of general law, and not a question peculiar to the jurisdiction of the federal court, as such, and a direct appeal will not lie to the Supreme Court from the judgment of the Circuit Court.

In Louisville Trust Co. v. Knott, 191 U. S. 225, 24 Sup. Ct. 119, 48 L. Ed. 159, the Supreme Court said:

"The question of jurisdiction which the statute permits to be certified to this court directly, must be one involving the jurisdiction of the Circuit Court, as a federal court, and not simply its general authority as a judicial tribunal to proceed in harmony with established rules of practice governing courts of concurrent jurisdiction as between each other."

Section 5 of the act being thus construed, it follows that there may be questions of jurisdiction, or quasi jurisdiction, that do not affect a federal court as such. On the other hand, the Supreme Court has more than once sustained its own appellate jurisdiction, as in a case where a District Court, sitting as a court of admiralty, decided that it had no jurisdiction because the matter of the controversy between the parties was not a subject of admiralty jurisdiction. The Ira M. Hedges, 218 U. S. 264, 31 Sup. Ct. 17, 54 L. Ed. 1039; Steamship Jefferson, 215 U. S. 130, 30 Sup. Ct. 54, 54 L. Ed. 125.

But we need only refer to the recent case of Morrisdale Coal Co. v. Pennsylvania Railroad Co., supra, for an elucidation of the principles, as recognized by this court, that must govern the question of distribution of appellate jurisdiction between the Supreme Court and the Circuit Courts of Appeals under said sections 5 and 6 of the act of 1891. The court below had dismissed the case for want of jurisdiction (after a special verdict had been found in favor of the plaintiff), on the precise grounds upon which the present case was dismissed by the court below; but the writ of error in the former case brought to this court not only the question of jurisdiction, but also the merits of the case, the assignments of error covering both grounds. On this account, the court entertained jurisdiction of the writ of error, and prepared to decide the case in an opinion on the merits. Before this opinion was filed, the defendant in error presented a petition in this court for the dismissal of the writ of error, on the ground that, under the provisions of sections 5 and 6 of the act establishing Courts of Appeals, this court had no appellate jurisdiction of the case. The court thereupon filed a supplemental opinion, dealing with this petition, and denied the motion to dismiss, on the ground that the writ of error had brought up both the question on the merits and that of jurisdiction, and that therefore the court had appellate jurisdiction of

the whole case. On the general question of appellate jurisdiction, the court, speaking through Judge Lanning, laid down the following as the first rule to be deduced from adjudicated cases:

"If a case in a District or Circuit Court is dismissed by final judgment or decree, either for want of jurisdiction of the parties or for want of power as a federal court to take jurisdiction of the subject-matter, without the decision of any other question, so that the only question presented by the record is such question of jurisdiction, the judgment or decree can be reviewed by the Supreme Court only, on appeal or writ of error, with a certificate from the lower court of the question of jurisdiction."

The jurisdiction in the present case was challenged in the court below, on the ground that the question, whether the practice of the defendant, in making the payments and rebates complained of, was or was not obnoxious to the provisions of the interstate commerce act, was one which, having regard to the principles heretofore determined by the court below, as well as by this Circuit Court of Appeals and by the Supreme Court of the United States, should be determined primarily by the Interstate Commerce Commission, and that therefore the court below was without jurisdiction to pass upon and determine the issues involved.

It is not necessary to consider the argument, to the effect that the Supreme Court has in a certain class of cases, in which the present case, it is contended, must be included, decided that a primary appeal to the Interstate Commerce Commission is obligatory, and that there is no option in such cases given to the complainant to institute an action for damages in the Circuit Court. Whether counsel is correct, or not, in this contention, is not a matter with which we are now concerned. We are not considering whether there is error in the dismissal of the case by the court below, for want of jurisdiction in it, but whether there is appellate jurisdiction in this court, and therefore whether the question of jurisdiction raised in the court below was one involving the jurisdiction of that court, as a federal court, and not simply its general authority as a judicial tribunal.

On this question, it seems to us clear that the jurisdiction to entertain the suit of a plaintiff who complains of violations of the interstate commerce act and seeks to recover damages therefor, has been conferred upon the Circuit Courts, as federal courts. The jurisdiction of the Circuit Court is conferred by the interstate commerce act, and the question, whether in the present case the plaintiff, under the provisions of the statute, as interpreted by the Supreme Court, was not required primarily to apply for investigation and redress to the Interstate Commerce Commission, is one that affects the court's jurisdiction as a federal court. It seems to us that there is no difference in the principle underlying such a case and a case where a court of admiralty declines jurisdiction of a libel in a cause which, in its opinion, is not of a maritime nature and subject to admiralty jurisdiction. The fundamental and substantial jurisdiction with which the court is invested by law is challenged, as it was in the case of The Ira M. Hedges, supra, as not extending to the subject-matter in question. All federal courts are courts of limited jurisdiction, and the question of the extent of their jurisdiction must be decided by the

limitation placed upon it by law. Such a question necessarily affects a federal court as such.

The motion, therefore, to dismiss the writ of error in the present case, for want of appellate jurisdiction in this court, must be granted, and it is so ordered.