## DAVIS, Director General of Railroads, v. MOLYNEAUX.

(District Court, S. D. New York.   May 29, 1925.)

Collision ⊂══145—Apportionment of damages between ships at fault for collision with another does not extend to counsel fees and disbursement.

Right to apportionment between two ships, at fault for collision of one of them with a third, of the damages therefrom to the third is a substantive right of admiralty law, not standing on subrogation, nor resting on principles of indemnity between parties primarily and secondarily liable, or of contribution between joint debtors, but arising directly from the tort, as one of its consequences, and, whether enforced by way of petition, under admiralty rule 59 in the original suit, or by suit over, is limited to division of the damages recovered, and does not extend to counsel fees and disbursements.

In Admiralty. Suit by James C. Davis, Director General of Railroads, against William Molyneaux, owner of the George Chambers. On exceptions to Commissioner's report. Exceptions overruled, and decree in accordance with report.

The respondent's boat, the George Chambers, was sunk in the channel leading from South Amboy. While in tow of a boat operated by the libelant, the Red Rose was towed over the wreck and injured. The owners of the Red Rose, which was without fault, recovered full damages from the libelant, and in the present suit the libelant has sought recovery over against the respondent of half the damages it was compelled to pay the owners of the Red Rose. An interlocutory decree has been granted in favor of the libelant on the ground that the respondent was liable for half damages sustained by the Red Rose because of his failure to keep the wreck buoyed or lighted, as required by the statute. These damages were fixed by the decree in the original suit brought by the owners of the Red Rose against the libelant at $2,248.18. One-half of this amount has been allowed by the commissioner. The libelant contends that he is also entitled to recover one-half of his expenses for counsel fees and disbursements incurred in unsuccessfully defending the suit brought against him by the owners of the Red Rose. The commissioner has overruled this contention, and the question now comes up on exceptions to the commissioner's report.

Burlingham, Veeder, Masten & Fearey, of New York City (Thomas H. Middleton, of New York City, of counsel), for libelant.

Macklin, Brown & Van Wyck, of New York City (Horace L. Cheyney, of New York City, of counsel), for respondent.

THACHER, District Judge (after stating the facts as above). No authority has been cited in which counsel fees and disbursements incurred in the unsuccessful defense of one of two offending vessels have been divided in a suit to recover half damages against the other vessel in fault, nor has the court been able to find any such authority. As the learned commissioner states in his report, the case seems to be one of first impression in the admiralty courts.

The right upon which recovery in this action must depend is defined by substantive admiralty law as a right to have the damages divided or apportioned between the vessels through whose fault the tort occurred. It does not stand upon subrogation, but arises directly from the tort, and as one of the consequences of the joint tort. It is dependent upon the admiralty doctrine that the burden of injuries resulting from common fault shall be equally borne by those responsible. The division and apportionment allowed is a division of the damages resulting from the tort. As between the vessels at fault, the right is one of substance, and not a mere incident of a form of procedure. Erie R. Co. v. Erie & Western Transportation Co., 204 U. S. 220, 27 S. Ct. 246, 51 L. Ed. 450; The Ira M. Hedges, 218 U. S. 264, 31 S. Ct. 17, 54 L. Ed. 1039, 20 Ann. Cas. 1235; The North Star, 106 U. S. 17, 1 S. Ct. 41, 27 L. Ed. 91.

That the matter is one of substantive right as between two offending vessels is pointedly illustrated by the decision of this court in The Hudson, 15 F. 162, where it was held that in an action brought to recover damages resulting from a collision the court, in the exercise of its inherent power, solely upon the petition of the vessel sued, could award its further process for the arrest of another vessel claimed to be at fault to answer for its share of the damage. The opinion of Brown, J., defines the right to an apportionment of the damages between vessels liable to a third party as a "legal right in admiralty of the several vessels, liable for the same collision, to have the entire loss in damages apportioned equally among them." After pointing out the well-settled recognition and enforcement of this right in cases where the two offending parties were before the court, Judge Brown quite emphatically held that the enforcement of such a right could not depend upon the failure of the injured party to bring both parties before the court, and in this connection said: "The same sense of justice and the same considerations of policy which led to the adoption of this rule [namely, the apportionment of damages] and which carefully enforce it whenever the parties are present, require that if all the necessary parties are not before the court, either a separate suit for contribution should be allowed, or else that the absent party should in some way be brought into the cause, so that this 'better distribution of justice' may be effected."

Judge Brown's decision in The Hudson was announced February 7, 1883, and on March 26, 1883, rule 59 in admiralty (since renumbered in amended form as rule 56) was promulgated by the Supreme Court. The rule of practice thus confirmed the legal right theretofore recognized as existing in admiralty, and approved the procedure adopted by Judge Brown in The Hudson for its enforcement. Whether the procedure for the enforcement of this right be by way of petition in the original suit under the fifty-sixth rule or by way of a suit over after recovery by the injured party against one of the vessels at fault, either in an action at law, as in The Ira M. Hedges, supra, or in a suit in admiralty, as in the case at bar, the right which the court is called upon to enforce is the same, and is nothing more nor less than a right to a division or an apportionment of the damages recovered by the injured party. In Erie Railroad Co. v. Erie Transportation Co., supra, where the injured party was the owner of cargo on board one of two vessels equally at fault, Mr. Justice Holmes said: "And it is established, as it logically follows, that the division of damages extends to what one of the parties pays to the owners of cargo on board the other," citing The Chattahoochee, 173 U. S. 540, 19 S. Ct. 491, 43 L. Ed. 801. I can find neither authority nor reason for extending it further.

The right to a division or apportionment of damages between the vessels at fault does not rest upon the principles of indemnity between parties primarily and secondarily liable, or of contribution between joint debtors and cosureties, and, in the language of Mr. Justice Holmes in the opinion referred to above, "does not stand on subrogation but arises directly from the tort." While, in the enforcement of the right, the admiralty courts may and have followed the analogies of common law and equitable principles, these analogies do not limit or extend

the right. It may, however, be said that even upon these analogies the exceptions would be overruled, because, as the learned commissioner has pointed out, the libelant's defense to the original suit, if successful, would not have relieved the respondent in this suit from liability. Lowell v. Boston & Lowell R. Corporation, 23 Pick. (Mass.) 24, 34 Am. Dec. 33. Indeed, it appears from the pleadings in the original suit, as in most collision cases, that the defense relied upon was that the damage sustained by the Red Rose was caused solely by the negligence of the owner of The Chambers, the respondent in the present suit. It does not appear that the respondent was ever notified or had any knowledge of the pendency of the original suit. The inequity of permitting the libelant to recover from the respondent half of the expenses incurred in an effort to charge the respondent with full responsibility is sufficiently obvious. The exceptions to the commissioner's report are overruled, and a decree in accordance with his report may be entered.