### SPAULDING v. PARRY NAVIGATION CO., Inc., et al.

United States District Court
S. D. New York.

May 20, 1950.

568

Benjamin B. Sterling, New York City, Marvin Schwartz, New York City, of counsel, attorney for plaintiff.

Irving L. Evans, New York City, attorney for defendant.

John J. Kirwan, New York City, Leo F. Hanan, New York City, of counsel, attorney for third party defendant.

IRVING R. KAUFMAN, District Judge.

Defendant, Parry Navigation Company, Inc., has moved the Court for the following alterations of and amendments to the judgment entered in the above entitled action on April 18, 1950:

1. (a) To vacate and amend so much of the judgment as denies the motion of Parry Navigation Company, Inc., for a judgment in its favor against Todd Shipyards Corporation;

(b) To vacate and amend so much of said judgment as grants the motion of Todd Shipyards Corporation for a judgment in its favor against Parry Navigation Company, Inc., based upon the special verdict of the jury;

(c) To vacate and amend so much of the judgment as dismisses the claim of Parry Navigation Company, Inc., against the third party defendant, Todd Shipyards Corporation.

2. (a) To reconsider the motion made at the trial on behalf of Parry Navigation Company, Inc., for judgment in its favor against Todd Shipyards Corporation, based upon the special verdict of the jury;

(b) To reconsider the motion made at the trial on behalf of Todd Shipyards Corporation against Parry Navigation Company, Inc., for judgment in its favor, based on the special verdict of the jury.

3. That the Court render judgment, in accordance with the special verdict of the jury, in favor of Parry Navigation Company, Inc., against the third party defendant, Todd Shipyards Corporation, adjudging that Todd Shipyards Corporation contribute to the payment of the judgment in favor of the plaintiff, Robert D. Spaulding, in an amount equal to fifty (50) per cent of said judgment or such higher or lower portion of said judgment as the Court may decide, and that Parry Navigation Company, Inc., have judgment against Todd Shipyards Corporation for fifty (50) per cent of said judgment or such higher or lower proportion of said judgment as the Court may decide.

4. That the Court in the alternative sever the part of the above entitled action relating to the dispute between Todd Shipyards Corporation and Parry Navigation Company, Inc., from the plaintiff's action and transfer the part of the action so severed to the Admiralty side of this Court for further proceedings.

The defendant also requested a stay of execution in this cause for an additional 20 days beyond the automatic 10 day stay allowed by the Rule 62(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and this request was heretofore granted by the Court.

The facts and proceedings in this case are fully covered in the opinion of this Court dated April 3, 1950, D.C., 90 F. Supp. 564, upon which the judgment referred to above was entered. In that decision this Court held that the defendant was not entitled to indemnity from the third party defendant since its own negligence contributed to the injury to the plaintiff and was primary in nature. Standard Oil Co. v. Robins Dry Dock & Repair Co., 2 Cir., 1929, 32 F.2d 182. Contribution, now requested by the defendant for the first time, was not considered by this Court in the foregoing decision for the issue had not been raised or apparently even considered by any of the parties. Upon the finding of the jury in the special verdict that both the defendant Parry and the third party defendant Todd controlled the ladder from which the plaintiff fell and that both were negligent in failing to properly secure the ladder, the defendant now seeks contribution.

Todd contends that defendant's failure to request "contribution" and his emphasis on "common-law indemnity" was a waiver of any right to contribution and should preclude the defendant from raising the issue, especially since judgment has been entered.

However, if the issues upon which the demand for contribution is predicated have been fully tried in the action, and if the defendant can as a matter of law recover contribution in the action, the Court does

not believe that the defendant should be held to have "waived" his rights. It should be noted that Rule 15(b) of the Federal Rules of Civil Procedure provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings, and that such amendment of the pleadings as may be necessary to cause them to conform to the evidence may be made upon motion *even after judgment;* but failure so to amend does not affect the result of the trial of these issues. Therefore if the defendant sought at this time to amend his pleadings to ask for contribution the Court could grant his request if the issues had been fully tried; however, the Court does not believe that an amendment is necessary in this case, and subsequent discussion will elucidate the basis for this conclusion.

 The right to contribution among tort-feasors has existed since 1875 in the admiralty law, and is considered to be a substantive right. The Ira M. Hedges, 1910, 218 U.S. 264, 31 S.Ct. 17, 54 L.Ed. 1039, 20 Ann.Cas. 1235; Barbarino v. Stanhope S. S. Co., 2 Cir., 1945, 151 F.2d 553. The suit herein dealt with a maritime tort, and there is no doubt that the defendant could have sought contribution had the suit been brought in admiralty. The Wonder, 2 Cir., 1935, 79 F.2d 312. The third party defendant contends, however, that the suit was brought on the law side of the court, and that the admiralty right to contribution is not enforcible on that side of that court. This argument lacks merit, for it is now well settled that a right peculiar to the law of admiralty may be enforced either by a suit in admiralty or by one on the law side of the court. Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 88, 89, footnote 5, 66 S.Ct. 872, 90 L.Ed. 1099. It should also be noted that the right to indemnity sought in this action could also be obtained in a suit on the admiralty side of the court. See American Mutual Liability Ins. Co. v. Matthews et al., 2 Cir., 182 F.2d 322; Portel v. United States, D.C. S.D.N.Y.1949, 85 F.Supp. 458. Hence a suit for indemnity or contribution in a case involving a maritime tort can be brought either in admiralty or at law, and the choice of forum by the plaintiff cannot affect the defendant's substantive rights.

The question then is whether the issues pertinent to contribution were litigated, i. e., whether the third party defendant is prejudiced by defendant's application.

 There is, under the circumstances of this case, no fundamental difference between a suit for indemnity and one for contribution. In order to obtain either, defendant must first prove that the third party defendant was negligent and that its negligence was a cause of plaintiff's injury. The degree to which defendant itself was negligent determines its right to contribution or indemnity; if defendant was only secondarily or constructively negligent it may recover indemnity—if it was primarily negligent contribution is the appropriate recovery. In a suit for indemnity the third party defendant attempts to show its freedom from any negligence; it also tries to establish active negligence on the part of the defendant. In this suit Todd completely litigated the questions of its own negligence and the extent of Parry's negligence. The answers given by the jury show that Todd failed in its attempt to establish its own freedom from negligence, but that it did establish Parry's primary negligence. Todd thereby precluded the recovery of indemnity by Parry, but a perfect case for contribution was established by the special verdict. The two parties were apparently equally at fault; however, the exact degree of fault is immaterial and need not have been asked of the jury, for the Court would decree that each tortfeasor pay a moiety of the damages in accordance with the admiralty rule. American Stevedores, Inc., v. Porello, 1947, 330 U.S. 446, 458, 67 S.Ct. 847, 91 L.Ed. 1011. Furthermore, the prayer for relief in the third party complaint can be read to include a request for either indemnity or contribution, since the defendant demanded judgment against Todd "for all the sums that may be adjudged against defendant." Todd would require that the third party complaint state a demand for "indemnity or contribution", or else "for all or part of

the sums that may be adjudged against defendant." This Court will not deny recovery to the defendant on mere verbal technicalities which have no substance. Surely Todd must have defended as strongly against a possible liability for indemnification of $45,000. (the sum adjudged in favor of the plaintiff) as it would have defended had it known it might have been held liable for only one-half the damages, or $22,500. Todd cannot complain of a failure of due process, for it had sufficient notice of the issues upon which it would have to, and did, defend, and the enormity of the possible liability.

The third party defendant relies on certain language in the case of Porello v. United States, 2 Cir., 1946, 153 F.2d 605, reversed and remanded on other grounds sub nom American Stevedores, Inc. v. Porello, supra, to the effect that: "For a right of contribution to accrue between tortfeasors, they must be joint wrongdoers in the sense that their tort or torts have imposed a common liability upon them to the party injured. * * *" 153 F.2d at page 607.

Todd claims that this means that unless the tort-feasors are jointly sued they cannot be held jointly liable; or that, in any event, in this case liability against the defendant is predicated on the Jones Act, 46 U.S.C.A. § 688, and the third party defendant could only be sued by the plaintiff for negligence,—therefore the grounds of their liability differ, and consequently they cannot be jointly liable.

At the outset the context of the above-quoted language and its subsequent application and construction should be given. The Court in that case further stated: "Since the libellant has no cause of action against his employer (the third party defendant), the United States (the defendant) can claim no contribution on the theory of a common liability which it has been compelled to pay." 153 F.2d at page 607.

In that case the employer, the third party defendant, had paid the plaintiff compensation under the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C.A. § 901 et seq., and therefore the plaintiff had no cause of action at all against the

third party defendant. Whether contribution, absent a contract, would have been allowed was not decided, for the decision in the case was based on a contract of indemnity between the parties. The question of contribution was subsequently squarely presented in the case of American Mutual Liability Ins Co. v. Matthews, supra. In that case the Court held that Sec. 905 of the Longshoremen's Act confers an exclusive remedy upon the employee longshoreman against his employer, and that since he has no cause of action against his employer, a third party sued for negligence could not seek contribution from the employer. The Court stated: "Thus the statute exempts the employer (the stevedore) from any duty to pay damages for negligently injuring his employee and substitutes therefor an absolute duty to pay the prescribed compensation. For a right of contribution to exist between tortfeasors, they must be joint wrongdoers in the sense that their tort or torts have imposed a common liability upon them to the party injured. (Cases cited.) In the case at bar the shipowner and the stevedoring firm were not under a common liability to the injured employee, nor were they joint wrongdoers. His claim against his employer was not for damages, as was his claim against the shipowner, nor was it dependent upon any tort committed by his employer. Consequently the shipowner can have no right to contribution based on the theory that they were joint tort-feasors."

■■ Thus it can be seen that the Court reiterated the statement found in the Porello case (and specifically mentioned it among the cases cited) and in its test for contribution, i. e., the test of common liability, the Court did not require that the wrongdoers be sued as joint defendants, or that they be sued under the same statute or cause of action, but that they be joint wrongdoers in the sense that both participated in the tort and that both may be sued for damages arising out of the tort. The case of The Wonder, supra, also cited in the above quotation, supports this interpretation, since in that case contribution was granted in favor of one tort-feasor against an impleaded joint tort-feasor. It is apparent

that the plaintiff in this action had a good cause of action against both Perry and Todd, for they both participated in the tort, and there was no bar to suit against either as in the Matthews case. His claim against both was for damages, not compensation. That plaintiff's suit against his employer Parry in this case was under the Jones Act, and his cause of action against Todd would be for negligence is immaterial, for the basis of liability is the same since the gist of the Jones Act is negligence, and unless the seaman establishes negligence on the part of his employer, no liability exists. Engel v. Davenport, 1926, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Koehler v. Presque-Isle Transp. Co., 2 Cir., 1944, 141 F. 2d 490, certiorari denied, 1944, 322 U.S. 764, 64 S.Ct. 1288, 88 L.Ed. 1591; Shelton v. Seas Shipping Co., D.C.E.D.Pa.1947, 75 F.Supp. 195. Furthermore, Todd could not have prevented recovery by the plaintiff in a suit against it on the ground of plaintiff's contributory negligence, for the jury found that plaintiff was not at fault. This case illustrates the wisdom and justice of utilizing a special verdict, for it is only on the basis of the special verdict that the Court can clearly ascertain that both Parry and Todd were joint wrongdoers, and that they should be held jointly liable to the plaintiff.

It is therefore the decision of this Court that defendant's motion is granted and that the judgment entered in this action on April 18, 1950 is vacated to the extent that it grants judgment in favor of Todd Shipyards Corporation against Parry Navigation Company, Inc., and dismisses the third party complaint, and judgment is directed in favor of the Parry Navigation Company, Inc., against Todd Shipyards Corporation for contribution in the sum of one-half of the verdict in favor of the plaintiff against the Parry Navigation Company, Inc., or specifically, $22,500. The request to sever the action between Parry and Todd and transfer it to the Admiralty (paragraph 4 of the motion) need not be considered.

All previous rulings on motions by Parry and Todd are amended in accordance with this decision.

Settle order on notice.