**RUSSELL, POLING & COMPANY, Newton Creek Towing Company and Chester A. Poling, Inc., Plaintiffs,**

v.

**UNITED STATES of America, Defendant and Third-Party Plaintiff,**

**Conners Standard Marine Corporation, Third-Party Defendant.**

United States District Court
S. D. New York.

May 2, 1956.

---

Alexander & Ash, New York City, for plaintiffs.

Paul W. Williams, U. S. Atty., New York City, Walter L. Hopkins, New York City, of counsel, for defendant-third party plaintiff.

Purdy, Lamb & Catoggio, New York City, for third party defendant.

WEINFELD, District Judge.

This is a motion by the third party defendant for judgment on the pleadings dismissing the third party complaint. A proper consideration of the motion requires analysis of the pleadings.

The action was commenced on the civil side of the Court by plaintiffs against the United States of America under the Federal Tort Claims Act[1] to recover damages to a steel barge owned by plaintiffs, the Russell No. 29.

The complaint alleges that while the Russell No. 29 was in tow of the tug Corporal owned and operated by Con-

ners-Standard Marine Corporation (hereinafter called Conners) and while the flotilla was properly navigating at night, two light buoys usually stationed on the easterly channel line between the Staten Island and New Jersey shores had been "negligently moved, displaced or shifted by the United States" to the eastward and well out of the channel, as a result of which the tug and tow were misled and the plaintiffs' barge was grounded; and that said grounding was due to the sole negligence of the defendant United States of America.

The United States of America answered and in general denied liability. In addition, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., it filed a third party complaint against Conners in which it charged that the damages to the plaintiffs' barge were due solely to the negligence of Conners while towing the tug at the time of stranding. Accordingly, the United States of America prayed that in the event of a recovery against it by the plaintiffs, the third party defendant be held liable to it for "contribution or indemnity or otherwise." Conners, answering the third party complaint, denied any contractual or other relationship upon which the United States of America could assert a claim for indemnity either express or implied, and further alleged that any asserted liability "arises upon principles of common law negligence and if any fault on the part of this third party defendant contributed to plaintiffs' damages" the United States of America and Conners "are joint tort feasors as between whom there is no right of contribution."

Thereafter Conners as the third party defendant made the present motion for judgment on the pleadings.

Conners concedes that a finding of mutual fault on the part of the third party plaintiff and the third party defendant would not be inconsistent with the gravamen of the third party claim.

1. 28 U.S.C. § 1346(b).

In essence, Conners urges that while the third party complaint might constitute a proper impleading petition in admiralty under Admiralty Rule 56, 28 U.S.C.A., it does not constitute a good third party complaint on the civil side under Rule 14(a) of the Federal Rules of Civil Procedure; that the rights and liabilities of the parties in this case cannot be determined under admiralty law but must be determined under the law of New York where the act or omission occurred, and since there is no common-law right of contribution between joint tort feasors the motion for judgment on the pleadings must be granted.

■ It is true that the plaintiffs' claim against the United States of America under the Federal Tort Claims Act is to be determined "in accordance with the law of the place where the act or omission occurred." [2] However, the claim here asserted by the plaintiffs for damages to the barge through stranding is a maritime tort.[3] The third party claim—that of fault of Conners while it was towing the barge in the channel— likewise is a maritime claim.[4] Since the claims asserted are maritime torts, substantive admiralty principles would be applied by the New York courts and this would include the right of contribution where admiralty permits it between joint tort feasors.[5]

■ The fact that the suit is pending on the law side rather than the admiralty side of the Court does not deprive a party of the right to assert its claim for division of damages, which is a substantive right and is unaffected by the form of the remedy.[6] The Supreme Court in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 88, 66 S.Ct. 872, 874, 90 L. Ed. 1099, stated: "It is now well settled that a right peculiar to the law of admiralty may be enforced either by a suit in admiralty or by one on the law side of the court." [7]

■ However, Conners, relying upon dictum in Halcyon Lines v. Haenn Ship C. & R. Corp., 342 U.S. 282, 284, 72 S.Ct. 277, 279, 96 L.Ed. 318, contends there is no right of contribution in stranding cases. This contention is not well taken. The Halcyon Lines case involved a shoreside employee injured due to the joint negligence of his employer and a shipowner and the latter's claim for contribution from the employer whose liability to the employee was governed by the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Under the circumstances, the Supreme Court held that since the right of contribution between joint tort feasors in personal injury cases had not been previously recognized, the matter was one for Congress, which had enacted

2. 28 U.S.C. § 1346(b). Cf. Indian Towing Co. Inc. v. United States, 350 U.S. 61, 76 S.Ct. 122.

 The plaintiff was here compelled to bring this action on the civil side since no government vessel was involved so as to give the Court clear jurisdiction under either the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., or the Public Vessels Act, 46 U.S.C.A. § 781 et seq.

3. Philadelphia, Wilmington & Baltimore R.R. Co. v. Philadelphia & Havre de Grace Steam Tow Boat Co., 23 How. 209, 64 U.S. 209, 16 L.Ed. 433; Canadian Aviator, Ltd. v. United States, 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901; Cleveland Terminal & Valley Railroad Co. v. Cleveland Steamship Co., 208 U.S.

316, 28 S.Ct. 414, 52 L.Ed. 508; The Detroiter, 2 Cir., 82 F.2d 234.

4. The John G. Stevens, 170 U.S. 113, 18 S.Ct. 544, 42 L.Ed. 969.

5. W. E. Hedger Transp. Corp. v. United Fruit Co., 2 Cir., 198 F.2d 376; Hawn v. Pope & Talbot, Inc., 3 Cir., 198 F.2d 800, 806, affirmed 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143.

6. The Ira M. Hedges, 218 U.S. 264, 270, 31 S.Ct. 17, 54 L.Ed. 1039; see also W. E. Hedger Transp. Corp. v. United Fruit Co., 2 Cir., 198 F.2d 376.

7. See also Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 411, 74 S.Ct. 202, 98 L. Ed. 143; Garrett v. Moore–McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239.

much legislation in the field of maritime personal injuries, and not for the courts. It is true the Supreme Court also stated "Where two vessels collide due to the fault of both, it is established admiralty doctrine that the mutual wrongdoers shall share equally the damages sustained by each, as well as personal injury and property damage inflicted on innocent third parties. This maritime rule is of ancient origin and has been applied in many cases, but this Court has never expressly applied it to non-collision cases."

However, that statement must be viewed in the light of the circumstances there considered.[8] Whether the reference to collision cases was intended to include stranding cases is not clear, but the fact is that the Supreme Court has applied the doctrine of division of damages in stranding cases. Halcyon Lines did not directly or indirectly overrule White Oak Transp. Co. v. Boston, Cape Cod & New York Canal Co., 258 U.S. 341, 42 S.Ct. 338, 66 L.Ed. 649, where division of damages was allowed in a stranding case on a set of facts closely paralleling those in the instant case. There a steamer going through the Cape Cod Canal stranded and sank. The canal company filed a libel for damages suffered by the canal against the transportation company (owner of the steamer). The transportation company then filed a libel against the canal company for loss of the steamer. The cargo owner intervened seeking to hold the canal company for loss of its cargo. The Supreme Court held that (1) the canal company and transportation company were jointly negligent in that both ought to have known that it was unsafe to take the vessel through the canal; (2) the loss of the cargo be attributed to the joint negligence of the two; and (3) the canal company and the transportation company should divide their damages. Accordingly, it decreed that the cargo owner recover its damages from the canal company; that the transportation company exonerate the canal company from one-half of the above damages; and that the transportation company and canal company divide their damages.[9]

■ Rule 14(a) is applicable where a person not a party to the action may be liable to a defendant "for all or part of the plaintiff's claim against him". Its purpose is to avoid circuity of action and it should be liberally applied since it seeks the same general objectives as Admiralty Rule 56.[10]

■ The trier of the fact may well find that the damage caused the plaintiffs' barge was due to common fault— negligent towage by Conners and negligence of the United States of America with respect to the proper maintenance of the light buoys. Since under applicable admiralty law, Conners, if found to be in mutual fault with the United States of America, may be called upon to exonerate the latter for one-half of the damages, it was properly brought in as a third party defendant under Rule 14(a).[11]

The motion for judgment on the pleadings is denied.

Settle order on notice.

8. See Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 408, 74 S.Ct. 202, 98 L.Ed. 143; Union Sulphur & Oil Corp. v. W. J. Jones & Son, 9 Cir., 195 F.2d 93, 95, note 3.

9. See also The Detroiter, 2 Cir., 82 F.2d 234; Pettie v. Boston Tow–Boat Co., D.C.S.D.N.Y., 44 F. 382, 383, modified 2 Cir., 49 F. 464; The Betty, D.C.N.D. N.Y., 278 F. 220; The Vale Royal, D.C. Md., 51 F.Supp. 412, 419; Conners Ma-

rine Company v. New York & Long Branch R. Co., D.C.N.J., 87 F.Supp. 132.

10. Jones v. Waterman S.S. Corp., 3 Cir., 155 F.2d 992, 997; 3 Moore's Federal Practice ¶ 14.20. See also The Minerva, D.C.E.D.Pa., 266 F. 598.

11. Cf. Canale v. American Export Lines, Inc., D.C.S.D.N.Y., 17 F.R.D. 269; Skupski v. Western Navigation Corp., D.C. S.D.N.Y., 113 F.Supp. 726.