NEW YORK ACC. INS. CO. OF CITY OF NEW YORK v. CLAYTON.

(Circuit Court of Appeals, Eighth Circuit. December 4, 1893.)

No. 320.

1. ACCIDENT INSURANCE—DEFENSES—VIOLATING LAW.
    A defense that the injury was sustained while violating the law by hunting on Sunday, contrary to a provision of the policy, need not be established beyond a reasonable doubt. A preponderance of evidence is sufficient.

**2. Same—Classification of Risks—Acts of General Agent.**

A classification of the applicant's occupation by a general agent of the company, who has been fully informed as to the facts, is binding on the company. Insurance Co. v. Snowden, 58 Fed. 342, and Insurance Co. v. Robison, Id. 723, followed.

In Error to the Circuit Court of the United States for the Western District of Missouri. Reversed.

William H. Dowe, Grant R. Bennett, William D. Rusk, and J. M. Johnson, for plaintiff in error.

H. K. White, S. P. Huston, and T. H. Parrish, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges:

SANBORN, Circuit Judge. George W. Clayton, the defendant in error, brought an action upon a policy of accident insurance issued by the New York Accident Insurance Company of the City of New York, the plaintiff in error, to recover $2,500 for the loss of his right foot by the accidental discharge of a shotgun. The case was tried to a jury, and a judgment rendered against the company.

One of the defenses to the action was that the policy contained a stipulation that "this policy does not cover injuries, fatal or otherwise, caused wholly or in part, directly or indirectly, by any of the following causes: * * * Violating the law;" and that when the accident happened the insured was hunting game on Sunday, in violation of section 3852 of the Revised Statutes of Missouri, 1889, which provides that:

"Every person who shall either labor himself, or compel or permit his apprentice or servant or any other person under his charge or control to labor or perform any work other than the household offices of daily necessity, or other works of necessity or charity, or who shall be guilty of hunting game or shooting on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding fifty dollars."

There was evidence in support of this defense. The court charged the jury that, in order to avail itself of this defense, the company must prove it beyond a reasonable doubt. This was clearly erroneous. Where a criminal act is alleged in a civil suit, proof beyond a reasonable doubt is not required to warrant a verdict and decision in support of the allegation. A preponderance of the evidence is sufficient. This is so well settled by the authorities in this country that it does not permit discussion. U. S. v. Shapleigh, 4 C. C. A. 237, 54 Fed. 126, 134; 1 Greenl. Ev. § 13a, note; Kane v. Insurance Co., 17 Amer. Law Reg. (N. S.) 293, 297; Insurance Co. v. Wilson, 7 Wis. 169; Blaeser v. Insurance Co., 37 Wis. 31; Knowles v. Scribner, 57 Me. 495; Hoffman v. Insurance Co., 1 La. Ann. 216; Schmidt v. Insurance Co., 1 Gray, 529; Young v. Edwards, 72 Pa. St. 257, 267; Insurance Co. v. Johnson, 11 Bush, 587; Rothschild v. Insurance Co., 62 Mo. 356; Bradish v. Bliss, 35 Vt. 326; Ellis v. Buzzell, 60 Me. 209; Folsom v. Brawn, 5 Fost. (N. H.) 114; Matthews v. Huntley, 9 N. H. 146; Welch v. Jugenheimer, 56 Iowa, 11, 8 N. W. 673.

Another defense pleaded in the answer was that in his application for insurance the insured had warranted that he was a merchant,

when in fact he was a junk dealer; that a junk dealer belonged to a more hazardous class than a merchant, and could obtain from this company but $300 insurance against death, and but $100 against the loss of a foot, while a merchant could obtain, and this defendant in error did obtain, if he was properly insured as a merchant, $5,000 insurance against death and $2,500 against the loss of a foot. There was, however, evidence tending to show that the agent of the company who solicited the application was fully informed of, and well knew the character of, the business and of the occupation in which the insured was engaged when he took his application; that he desired the general agent to classify this risk; that he took the application from the insured, signed in blank, so far as the occu-pation was concerned, for this purpose; that he stated to the general agent of the company the character of the business and occupation of the insured, and the general agent then classified him, and wrote the word "merchant" into the application, to describe his occupation. On this application the policy was issued and the premium paid. Some portions of the charge of the court upon this state of facts are assigned as error. We shall not pause to state or review them, as the case must be retried in any event. We content ourselves with citing Insurance Co. v. Snowden, 58 Fed. 342, and Insurance Co. v. Robison, Id. 723, where the rule we deem applicable to this class of cases, and the reasons for it, are stated.

The judgment below is reversed, and the cause remanded, with directions to grant a new trial.