# CHICAGO, TERRE HAUTE & SOUTHEASTERN RAILWAY COMPANY *v.* ANDERSON.

### ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 34. Argued October 25, 1916.—Decided December 18, 1916.

When a state statute is unobjectionable as applied in the case in which it is attacked, it will not be held unconstitutional upon a construction which has not been given, and may never be given, by the Supreme Court of the State. *Plymouth Coal Co.* v. *Pennsylvania,* 232 U. S. 531, 546.

A statute of Indiana (Laws 1889, p. 146, c. 82; 2 Burns' Ann. Ind. Stats. 1914, §§ 5524, 5525) requiring all railroad companies doing business in the State to cut down and destroy noxious weeds "on lands occupied by them in any city, village or township of this State," and providing a penalty of twenty-five dollars in case of default, to be recovered in a civil action "by any person feeling himself aggrieved," is not violative of the due process or equal protection clauses of the Fourteenth Amendment, as applied to a case in which the lands in question are part of a railroad right of way, and the "person feeling himself aggrieved" is the owner of lands contiguous thereto who does not appear to have been guilty of similar neglect. *Missouri, Kansas & Texas Ry. Co.* v. *May,* 194 U. S. 267.

*Semble,* that the act under review permits but one recovery for the same offense within the same territory.

182 Indiana, 140, affirmed.

THE case is stated in the opinion.

*Mr. William F. Peter,* with whom *Mr. James C. Hutchins* was on the brief, for plaintiff in error.

No brief filed for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

A statute of Indiana provides as follows:

"Sec. 1. . . . That all railroad corporations doing

business in this State shall, between the first day of July and the twentieth day of August in each year, cause all thistles, burrs, docks and other noxious weeds growing on lands occupied by them in any city, village or township of this State, to be cut down and destroyed.

"Sec. 2. In case any railroad company shall refuse or neglect to comply with the requirements specified in the first section of this act, such company shall be liable in a penalty of twenty-five dollars, to be prosecuted for in an action of debt by any person feeling himself aggrieved. Said suit may be brought before any Justice of the Peace in the county, who shall require of the complainant surety to pay costs in case he fails to maintain his action. Summons may be served on any agent or officer of the company."

The company was proceeded against under this statute by defendant in error, who alleged that the railroad company is a corporation doing business in the State and that one of the branches of its railway lines intersects and runs through his land for a distance of $\frac{1}{4}$ of a mile in the township of Curry, Sullivan County, Indiana, and that the company, between July 1, 1911, and August 20, 1911, refused and neglected to cause all noxious weeds (following the words of the statute) growing on lands occupied by it in the township and county designated above to be cut down and destroyed, and especially on its lands running through the lands of defendant in error. He also alleged that he felt himself aggrieved thereby and had been damaged in the sum of $25 and should receive the statutory penalty of $25.

The company demurred to the complaint for insufficiency to constitute a cause of action, filing therewith a memorandum alleging among other things that the act was unconstitutional.

The demurrer was overruled and the company filed a general denial of the allegations of the complaint.

After hearing a penalty was imposed upon the company in the sum of $25. It filed a motion in arrest of judgment in which it repeated that the law was unconstitutional. The motion was overruled and judgment entered against the company. It was affirmed by the Supreme Court. In that court the ground was specifically urged that the statute offended the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States. The court considered both contentions and rejected both, and to review its decision this writ of error is prosecuted.

As offending against the equal protection assured by the Fourteenth Amendment the company complains that occupiers of land are separated into two classes—"(1) railway corporations and (2) all others." This, it is insisted, "is an unnatural and unjustifiable classification with respect to the obligation imposed of cutting down weeds growing on lands occupied, as there is no relation between the line of division of the classes and the subject matter." *Gulf, Colorado & Santa Fé Ry. Co.* v. *Ellis*, 165 U. S. 150, and *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, are cited. We need not pause to review them or the many cases decided since them explaining the wide discretion a legislature has in the classification of the objects of legislation, for immediately repellent to plaintiff in error's contention is *Missouri, Kansas & Texas Ry. Co.* v. *May*, 194 U. S. 267. In that case a statute of Texas imposed a penalty on railroad companies for permitting Johnson grass and Russian thistle to go to seed upon their rights of way. A right of action for the penalty was given to contiguous owners. The act was sustained, but certain distinctions between that statute and the Indiana statute are pointed out. These distinctions are: (1) The Texas statute gave the penalty to contiguous land owners; the Indiana statute gives it to "any person feeling himself aggrieved." (2) The Texas statute required the con-

tiguous land owner to be free from the same neglect; the Indiana statute does not impose this limitation. (3) The Texas statute is limited to the railroad's rights of way; the Indiana statute applies to all lands occupied by a railroad "in any city, village or township."

How discriminating and arbitrary these distinctions make the Indiana statute as compared with the Texas statute and remove the latter from authority is variously illustrated by plaintiff in error.

The Supreme Court of Indiana is not specific as to these contentions. On the authority of *Pennsylvania Co.* v. *State,* 142 Indiana, 428, and *Western Union Telegraph Co.* v. *Ferguson,* 157 Indiana, 37, the court decided that it was neither necessary to aver in the complaint nor prove that the person bringing the action had suffered actual damages. The court said: "The penalty imposed is for violation of a duty required of appellant [the railway company], and it is not in a position to complain that the penalty when collected shall be paid to the complaining party, and this is not available in defense of an action for the recovery of the penalty prescribed."

In *Pennsylvania Co.* v. *State* the penalty was imposed for failure of railroads to provide blackboards in their passenger stations showing the time of arrival and departure of trains, the act providing that one-half of the recovery should go to the prosecuting attorney. It was held that this was a method of compensating that officer and to encourage the actual enforcement of the law against its violators and not intended to require him to become a party litigant.

In the second case a statute was considered that required telegrams to be transmitted with impartiality and in the order of time in which they were received, and without discrimination as to rates. It was provided that any person or company violating the act should be liable to "any party aggrieved in a penalty of $100 for each

offense, to be recovered in a civil action in any court of competent jurisdiction." It was held that the party aggrieved "is the person whose message the telegraph company has refused to receive or failed to transmit on the terms or in the manner prescribed by the statute," and that it was not necessary for him to show that he had sustained any actual damages; that he might recover compensation for damages independently of the statute which furnished a cumulative remedy.

Both cases illustrate the principle that a penalty imposed by a statute may be given to an informer or prosecutor as a means of enforcing the statute—as a means of its public vindication—and necessarily there could be but one recovery in the designated territory. But we cannot say whom, under the statute under review in this case, the court would consider a "party aggrieved," or who could be considered as a "person feeling himself aggrieved," to use the language of the statute, whether a contiguous land owner, or other land owner, or whether any person could be aggrieved within the meaning of the statute if he himself was guilty of the same neglect as the railroad company. Nor can we say how the Supreme Court would decide as to what was meant by "lands occupied by" railroad corporations; whether this would mean only their rights of way, the designation of "in any city, village or township" being only for the purpose of venue, or mean, which is difficult to suppose, the corporation's "roundhouses, shops, yards, repair tracks, turntables and other buildings and structures used in connection" with the business of a railroad, which seems to be the alarm of plaintiff in error. At any rate, such construction has not yet been given and may never be given and we cannot anticipate that it ever will be given and on that anticipation hold the statute invalid. We have heretofore expressed the propriety of waiting, when a state statute is attacked for unconstitutionality, until the

state court has given it a construction which may justify the attack. *Plymouth Coal Co.* v. *Pennsylvania,* 232 U. S. 531, 546. The statute has only been applied in favor of a contiguous land holder and only one recovery has been permitted. So limited we think its validity must be admitted under the doctrine of the *May Case.* But we express no opinion concerning the consequences if a broader construction should be accepted by the state court.

*Judgment affirmed.*