### TWOHY BROS. CO. v. KENNEDY.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1924.)

#### No. 4087.

1. **Exceptions, bill of ⊚⇒44—Filed in due time where term not expired nor jurisdiction lost when time extended.**

Though the court, after it has lost jurisdiction to permit filing of bill of exceptions, cannot by a mere order nunc pro tunc extending the time reinvest itself with jurisdiction, where the term had not expired, and the court had not lost jurisdiction to allow filing of the bill of exceptions when the order nunc pro tunc was made, the bill, when filed in the time as so extended, was in time.

2. **Master and servant ⊚⇒107(8)—Injury to car loader held to arise out of "hazardous employment," under Arizona Employers' Liability Act.**

Where a car loader, engaged in loading cars driven by a gasoline motor, was injured while stepping from one car to another, when the sand and gravel on which he stepped gave way, *held*, that the injury arose out of the inherent hazardous nature of the employment, under Arizona Employers' Liability Act, making employer liable for injury arising from conditions of a hazardous occupation, which the Arizona courts construe to include injuries arising from the manner in which the hazardous business is carried on.

3. **Appeal and error ⊚⇒232(2)—Objection to hypothetical question held insufficient to preserve ground.**

An objection that a hypothetical question asked a physician in an action for injuries stated facts not in evidence, and failed to state all the facts in evidence, as to employee's physical condition, *held* insufficient to preserve objection that the question left out of consideration employee's illness with typhoid fever soon after the accident.

4. **Trial ⊚⇒260(8)—Instruction as to cause of ailment held properly refused, in view of evidence and instruction given.**

In an action for injuries to an employee, an instruction that jury must be satisfied from the preponderance of the testimony that toe and foot trouble was caused by the injury, and that if they were satisfied that it was caused by typhoid fever, or if their minds were evenly balanced thereon, their verdict should be for the employer, *held* properly refused, in the absence of evidence that typhoid fever could have produced the ailment, and in view of another instruction requiring jury to find the ailment to be the proximate result of the injury.

5. **Constitutional law ⊚⇒249—Costs ⊚⇒222—State may allow additional interest to be added to judgment for injured employee sustained on appeal.**

Civ. Code Ariz. 1913, par. 3161, providing that if, on appeal in an action under Employers' Liability Act, the judgment against defendant is sustained, plaintiff is entitled to have interest at 12 per cent. per annum from date of filing complaint until judgment is paid added to the amount

---

of the judgment, is based on a reasonable classification, which does not deprive employers of the equal protection of the law, nor is it a penalty which so burdens the right of appeal as to be unconstitutional under the Arizona law.

6. **Constitutional law ☞48—State statute not declared unconstitutional, unless right clearly invaded.**

A state statute will not be declared unconstitutional, as denying equal protection of the laws, unless the court is clearly convinced that the constitutional rights are thereby invaded.

Rudkin, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Action by Clarence Kennedy against the Twohy Bros. Company. Judgment for plaintiff, and defendant brings error. Judgment affirmed, and plaintiffs' motion for addition of interest to the judgment granted.

G. P. Bullard, Samuel White, and Charles A. Carson, Jr., all of Phœnix, Ariz., for plaintiff in error.

Jesse C. Wanslee and W. T. Sprowls, both of Phœnix, Ariz., for defendant in error.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error obtained in the court below a judgment against the plaintiff in error for damages for personal injuries sustained. The action was brought under the provisions of the Employers' Liability Law of Arizona.

[1] A motion is interposed to strike out the bill of exceptions for the reason that it was not filed in the District Court in due time. It appears from the record that judgment was rendered on May 19, 1923, and that the bill of exceptions was filed on the 31st of the following July. In the meantime, on June 18, a motion for a new trial was denied, and an order was made extending the time to file the bill of exceptions until July 8. On August 2 an order was made nunc pro tunc that the time within which the bill of exceptions might be filed be extended 25 days from July 8. It is to be conceded that, if the court had on August 2 lost its jurisdiction to permit the filing of the bill of exceptions, it could not by a mere order nunc pro tunc reinvest itself of that jurisdiction as of July 8; but there is nothing in the record to show that on August 2 the April term of the court had expired, or that the court had lost jurisdiction to allow the filing of the bill of exceptions. The case does not come within the rule announced in O'Connell v. United States, 253 U. S. 142, 40 Sup. Ct. 444, 64 L. Ed. 827, and Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 Sup. Ct. 331, 66 L. Ed. 663. The motion is denied.

[2] The plaintiff in error asserts that the complaint is insufficient to state a cause of action under the Employers' Liability Law of Arizona (Rev. Stats. 1913, §§ 3153–3162), and contends that the complaint shows affirmatively that the injury was not caused by any danger or risk inherent in or attributable to the occupation in which the defendant in error was engaged. The complaint alleges in substance that the plaintiff while engaged on his employer's road construction plant in

the capacity of a carloader and while loading the cars, and while stepping from one car to another "the sand and gravel on the car on which the plaintiff stepped gave way, causing the plaintiff's foot to slip off said car, thereby causing his leg to strike against and upon the top rough edge of said car." These allegations of the manner in which the accident occurred do not necessarily show that the occupation was not a hazardous one. The plaintiff in error was engaged in the operation of a plant in which it used a string of cars driven by a gasoline motor engine and which cars were being loaded by a steam shovel with sand and gravel. It will be readily seen that the operation of such a plant may be attended with danger and hazard to employés. This is further shown in the present case by the fact, which, while it was not alleged in the complaint, was proven on the trial, that at the time when the defendant in error stepped from one car to another the motor started up and the train moved.

In Arizona Employers' Liability Cases, 250 U. S. 400, 39 Sup. Ct. 553, 63 L. Ed. 1058, 6 A. L. R. 1537, the court sustained the sufficiency under the Arizona Employers' Liability Law of the complaint of one Veazey, who was injured while working in the construction of a flotation system at a mill or reduction works. Veazey alleged that while he was standing upon a timber incorporated in said flotation system, and engaged in bolting and fastening together the timbers thereof, at an elevation above the floor of the mill of 10 feet, he slipped from the timber and fell to the ground. The statute (section 3156) declares hazardous "all work in mills, shops, works, yards, plants and factories where steam, electricity, or any other mechanical power is used to operate machinery and appliances in and about such premises." It is clear, we think, that the defendant in error was employed in a plant within the meaning of the statute, a plant with appliances operated by electricity, and that the case shown by the complaint comes within the statute as the same has been construed by the Supreme Court of Arizona. That court has held, it is true, that the act requires more than that accident arise out of and within the course of the employment, and that the injury must have occurred while the employé was at work in his occupation and must have been occasioned by a risk or danger inherent in the occupation. Arizona Eastern R. Co. v. Matthews, 20 Ariz. 282, 180 Pac. 159, 7 A. L. R. 1149; Arizona Copper Co. v. Burciaga, 20 Ariz. 85, 177 Pac. 29. But if it is true, as the plaintiff in error contends, that the accident in the present case arose, not from the inherent hazardous nature of the employment, but from the negligent act of starting the movement of the train at the moment when the defendant in error was about to step from one car to another, the answer to the contention is found in Consolidated Arizona Smelting Co. v. Egich, 22 Ariz. 543, 199 Pac. 132, where it was held that the employer is liable when the injury is caused by an accident which arises from the manner in which the hazardous business is carried on.

[3] Error is assigned to the ruling of the trial court in permitting the defendant in error to ask a physician, called as an expert, whether, assuming the injury to the leg of the defendant in error to be such as was testified to by him, and that that injury was followed by atrophy and paralysis of certain muscles of the leg, that condition would be

the result of the injury. Objection was made on the ground that the question stated facts not in evidence and failed to state all the facts in evidence as to the physical condition of the defendant in error. It is now argued that the question so propounded left out of consideration the fact that soon after the accident the defendant in error had been taken ill with typhoid fever, on account of which he was confined in a hospital for a period of 94 days. That ground of objection was not suggested at the time when the testimony was offered, nor did the objection then made direct the attention of the court to any omitted facts or misstatement of facts. The objection was clearly insufficient to preserve the right of the plaintiff in error to urge the ground of objection which is now made.

[4] It is contended that the court erred in denying a requested instruction that, if the jury found that the defendant in error was suffering from the ailment known as toe or foot drop, they must be satisfied from the preponderance of the testimony that it was caused by the injury to his leg, and that if they were satisfied that it was caused by typhoid fever, or if their minds were evenly balanced as to whether or not it was caused by typhoid fever, their verdict should be for the defendant in the action. To this it is to be said, first, that there was no evidence whatever that typhoid fever could have produced the ailment so described; and, second, the trial court properly saved all the rights of the plaintiff in error by instructing the jury that, if they found that the defendant in error was suffering from toe or foot drop, before they could find a verdict for him on that question, they must be satisfied from the preponderance of the evidence that the same was the natural and probable result of the injury sustained to his leg, and not from some other cause.

[5, 6] The defendant in error contends that he is entitled to an order of this court directing that there be added to the amount of the judgment interest at 12 per cent. per annum from the date of filing the complaint until the full amount of such judgment is paid, in conformity with paragraph 3161, Revised Statutes of Arizona of 1913, which provides that, if the defendant appeals to a higher court in actions for damages brought under provisions of the employers' liability statute and the judgment appealed from be sustained, such interest shall be added to the amount of the judgment. The defendant in error cites Louisville & Nashville Railroad Co. v. Stewart, 241 U. S. 261, 36 Sup. Ct. 586, 60 L. Ed. 989. In that case the court sustained the validity of a provision of the federal Employers' Liability Act, authorizing an appellate court to add 10 per cent. damages to the amount of the judgment in case the defendant obtained a supersedeas. The court held that the due process provision of the Fourteenth Amendment does not require a state to provide for suspension of judgment pending appeal, nor prevent its making it costly in case the judgment is upheld. and that due process is not denied by adding 10 per cent. to the amount of the judgment, if the same is affirmed.

The plaintiff in error contests the motion, and relies upon Gulf, Colorado & Santa Fé Ry. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666. There the court held unconstitutional the statute of Texas which provided that, in an action against a railroad corporation for

295 F.—30

damages for killing stock, the plaintiff should be entitled, in addition to his damages, to an attorney's fee not exceeding $10, on the ground that the statute operated to deprive railroad companies of property without due process of law, and denied them the equal protection of the law, in that it singled them out of all citizens and corporations and required them to pay such attorney's fees, and held that the mere fact of classification is not sufficient to relieve the statute from the reach of the equality clause of the Fourteenth Amendment; the classification being merely arbitrary. But in Atchison, Topeka, etc., Railroad v. Matthews, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909, the court upheld the constitutionality of an act of Kansas relating to the liability of railroads for damages by fire, which provided that in all actions commenced thereunder the plaintiff, if he should recover judgment, should be allowed by the court a reasonable attorney's fee as part of the judgment. Mr. Justice Brewer, who had written the opinion in Gulf, Colorado & Santa Fé v. Ellis, delivered the opinion of the court and distinguished the case from the former decision, in that in the Kansas case the Legislature had by the statute made a classification including in one class all corporations engaged in a business of peculiar hazard, and for the purpose not of compelling the payment of small debts, but for the purpose of securing protection of property from damage or destruction by fire, and affirmed the principle that, while class legislation discriminating against some and favoring others is prohibited, legislation which is designed to carry out a public purpose and affects alike all persons similarly situated is not within the prohibition of the Fourteenth Amendment.

So in St. Louis, Iron Mountain, etc., Ry. v. Paul, 173 U. S. 404, 19 Sup. Ct. 419, 43 L. Ed. 746, the court on like principle sustained an act of the Legislature of Arkansas providing that, upon the discharge without cause of persons employed in constructing a railroad or railroad bridge, there should be added to the wages due such discharged employés, if not paid on the day of discharge, wages at the same rate until paid, not later than 60 days. In Chicago, etc., Ry. Co. v. Anderson, 242 U. S. 283, 37 Sup. Ct. 124, 61 L. Ed. 302, the court upheld the constitutionality of a statute of Indiana which required all railroad companies doing business in the state to destroy noxious weeds upon lands occupied by them, and imposing a penalty of $25 in case of default. The court reasoned that the Legislature might well separate occupiers of lands into two classes: First, railway corporations; and, second, all others—holding that the Legislature had wide discretion in the classifications of the objects of its legislation. We take these decisions of the Supreme Court to indicate that a state statute will not be declared unconstitutional in cases where the alleged discrimination arises upon a reasonable classification for the application of provisions for costs or attorney's fees or damages to the prevailing party in certain classes of litigation. Missouri, etc., v. Cade, 233 U. S. 642, 34 Sup. Ct. 678, 58 L. Ed. 1135; Missouri, etc., R. Co. v. Harris, 234 U. S. 412, 34 Sup. Ct. 790, 58 L. Ed. 1377, L. R. A. 1915E, 942; Missouri Pacific Ry. Co. v. Larrabee, 234 U. S. 459, 34 Sup. Ct. 979, 58 L. Ed. 1398.

The case at bar is in principle not unlike the cases so cited. Here there is involved a special provision for the benefit of employés engaged in hazardous occupations. The Legislature of Arizona has seen fit to give such employés greater protection than is afforded to employés engaged in other occupations, and greater than is afforded to the public generally. In so doing the Legislature has as a matter of public policy recognized the intimate relation between the services of employés in hazardous occupations and the public welfare. We are not convinced that the classification conflicts with the fundamental conception of equal legislation. Courts are extremely reluctant to interfere with the authority of the state to enact such legislation, unless clearly convinced that constitutional rights are thereby invaded.

Nor are we convinced that the positive provision of the statute that the appealing party in all such cases shall, on his failure to prevail on the appeal, pay a fixed amount to the opposing party, is the creation of a penalty which so burdens the right of appeal as to be unconstitutional under the state law. The rule of this court and the statutes of many of the states provide for similar assessments by way of a percentage on the amount of the judgment in case of a frivolous appeal, and in some states provision is made for a percentage addition to the amount of the judgment by an appellate court in all cases of affirmance of money judgments. No such provision, so far as we are aware, has been held unconstitutional. If the Arizona statute had provided for the addition in the judgment of 12 per cent. upon the amount thereof in all cases of unsuccessful appeal, we think there could be no question of its validity. Here such provision is made for only one class of judgments, and we are brought back to the question already discussed of the reasonableness of that classification.

The judgment is affirmed, and the motion of defendant in error for the additional 12 per cent. is allowed.

RUDKIN, Circuit Judge (dissenting). The right of a state to impose a penalty for failure to make reasonably prompt settlement of claims of a certain class is well settled. Seaboard Air Line v. Seegers, 207 U. S. 73, 28 Sup. Ct. 28, 52 L. Ed. 108; Kansas City Ry. v. Anderson, 233 U. S. 325, 34 Sup. Ct. 599, 58 L. Ed. 983; Chicago & Northwestern Ry. Co. v. Nye, etc., Co., 260 U. S. 35, 43 Sup. Ct. 55, 67 L. Ed. 115, where the earlier cases are reviewed. This penalty is a part of the cause of action and may be recovered in the federal court in a proper case. That is not the question now confronting us, however. The question here is: After the cause of action has been merged in a judgment in the federal court, may the state impose a penalty on one of the parties for the unsuccessful prosecution of a writ of error to review that judgment? In my opinion it cannot.

The Constitution and laws of the United States confer upon citizens of one state the right to resort to the federal courts in another, and any state action, whether legislative or executive, necessarily calculated to curtail the free exercise of that right, is null and void. Terral v. Burke Constr. Co., 257 U. S. 529, 42 Sup. Ct. 188, 66 L. Ed. 352, 21 A. L. R. 186. So, too, the right to remove a cause from one federal court to another by writ of error or other appellate process is a right

conferred by the Constitution and laws of the United States, and it would seem equally clear that the state cannot burden, curtail, or impair that right. In other words, if a state cannot curtail or impair the right of a citizen to resort to the federal District Court, how can it curtail or impair his right to resort to the Circuit Court of Appeals or to the Supreme Court? That the Arizona statute imposes a penalty and impairs the right of review does not admit of question. Furthermore, the statute does not impose a penalty for delay merely, as the penalty follows the affirmance of the judgment or the dismissal of the appeal, as a matter of course, whether there has been a stay or supersedeas or not, and whether the judgment has been collected by execution or not.

The statute may or may not be valid within the state. With that question we have no concern. But it is either inapplicable to a writ of error from a federal court or it is null and void.