SPOKANE INTERSTATE FAIR ASS'N v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Circuit Court of Appeals, Ninth Circuit. October 18, 1926.)

No. 4900.

1. Exceptions, bill of ⟨⟩40(2)—New trial ⟨⟩ 118.

Trial court has discretion, without consent of parties, to grant greater length of time in which to present bill of exceptions or petition for new trial than that prescribed in a general rule of court.

2. Appeal and error ⟨⟩882(7).

Plaintiff cannot on appeal contend that burden of proof which he assumed at trial was on defendant.

3. Insurance ⟨⟩646(6).

Insured *held* to have burden to show burglary accomplished by forcible entry during insurance period, where liability of insurer was limited to such loss.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Action by the Spokane Interstate Fair Association against the Fidelity & Deposit Company of Maryland. Judgment for defendant, and plaintiff brings error. Affirmed.

Randall & Danskin and Graves, Kizer & Graves, all of Spokane, Wash., for plaintiff in error.

Williams & Cornelius, of Spokane, Wash., for defendant in error.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

DIETRICH, District Judge. In our decision upon a former writ of error, to the report of which (8 F.[2d] 224), resort may be had for a circumstantial statement of the issues, we held that the coverage of the policy was only of loss by burglary accomplished by means of actual force and violence employed during the policy period, which was from August 31, 1924, to September 10, 1924. At a subsequent trial, defendant's motion for a nonsuit at the close of plaintiff's case in chief was granted, upon the ground that the evidence was insufficient to show force or violence within such period. The dismissal is assigned as error.

[1] Defendant moves to strike from the record the bill of exceptions and also to dismiss the writ. We have considered, but do not deem it necessary to discuss at length, the issues presented by these motions. It is sufficient to say that, notwithstanding the general rule of the court providing that without consent of the parties extensions of the time in which to present a bill of exceptions or a petition for a new trial would not be granted for more than 30 days, the court had the power in the exercise of a sound discretion to grant a greater length of time. Poultney v. La Fayette, 12 Pet. 472, 9 L. Ed. 1161; U. S. v. Breitling, 20 How. 252, 15 L. Ed. 900; Hunnicutt v. Peyton, 102 U. S. 333, 353, 26 L. Ed. 113; Abbott v. Brown, 241 U. S. 606, 36 S. Ct. 689, 60 L. Ed. 1199; So. Pac. Co. v. Johnson, 59 F. 559, 16 C. C. A. 317; Russo-Chinese Bank v. National Bank, 187 F. 80, 109 C. C. A. 398; Czizek v. W. U. Tel. Co. (C. C. A.) 272 F. 223; Payne v. Garth (C. C. A.) 285 F. 301, 310. That being true, and the court still having jurisdiction to grant such extensions when the orders were made, neither motion is thought to be well taken, and both are therefore denied.

[2, 3] Upon the merits, it is first contended by plaintiff that by reason of the form and paragraphing of the policy the burden was upon defendant to show that the force employed in making the entry was not exerted within the insurance period. Apparently this is an afterthought, for in the trial plaintiff assumed the burden of establishing the affirmative; and it should not now be permitted to take a contrary position. Ky. Vermillion M. & C. Co. v. Norwich U. F. Ins. Soc., 146 F. 695, 77 C. C. A. 121. But, aside from that consideration, we entertain no doubt that the construction which it then put upon the policy is the correct one. The clause formally fixing the insurance period is not in the nature of an exception or proviso to, but is an integral part of, the definition of defendant's obligation. The fact that such definition extends to more than one sentence or paragraph is not controlling. Besides, if, in harmony with plaintiff's position, we look only to the first paragraph for a definition of the obligation, the policy could not reasonably be con-

strued as covering burglaries committed or force used prior to its execution. Hence plaintiff was under the necessity of assuming the burden of showing subsequent forcible entry; and that was the only issue.

Upon careful analysis of the record we are convinced that the conclusion of the lower court was right. Not only does the evidence fail to prove violence within the policy period, but by every fair inference and reasonable probability it overwhelmingly shows that all forcible preparation was made at an earlier time. A verdict to the contrary would have had no basis other than a surmise or possibility. This being true, it becomes unnecessary to decide to what extent our former decision is controlling, or to consider whether plaintiff is estopped by the position it then maintained and which it has now abandoned. Upon the latter point, however, it may be said that we find nothing substantial in the new evidence which counsel represent was not offered at the first trial, and, such being the case, the conclusion we have independently reached finds confirmation in the concession, made at the former hearing, that the evidence "permitted of but one reasonable theory," namely, the theory later adopted by the lower court which we now approve. If against interest able counsel were constrained by the evidence to make such a concession, it is not to be thought that disinterested minds would reach a different conclusion.

The judgment is affirmed.