## JOHNSON v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

Circuit Court of Appeals, Second Circuit.
March 19, 1928.

No. 194.

Admiralty ⬯31—Contributory negligence bars recovery for injuries sustained while walking on gangplank of ship, seeking employment as ship's carpenter.

In action for personal injuries sustained by plaintiff while walking on gangplank of ship, seeking employment as ship's carpenter, contributory negligence *held* to bar recovery as against contention that maritime law should control.

In Error to the District Court of the United States for the Eastern District of New York.

Suit by John Johnson against the United States Shipping Board Emergency Fleet Corporation. Judgment for defendant, plaintiff brings error. Affirmed.

Silas B. Axtell, of New York City (Myron Scott, of New York City, of counsel), for plaintiff in error.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Edgar G. Wandless, and Frederick H. Cunningham, both of New York City, of counsel), for defendant in error.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. This action was brought to recover for personal injuries sustained by the plaintiff in error, who said he was an invitee—seeking employment as a ship's carpenter—on one of the defendant in error's boats, and was injured while walking on a gangplank, which he claimed was not firmly in place. The jury found against him on the issue of negligence.

The plaintiff in error assigns error for the charge of the court, which instructed the jury that, if the plaintiff in error was guilty of contributory negligence, he could not recover. The plaintiff in error now argues that this was a maritime tort, and that the maritime law controls, and therefore the contributory negligence was not an absolute bar to

a recovery. We think the court correctly instructed the jury, under the authority of Belden v. Chase, 154 U. S. 674, 14 S. Ct. 264, 37 L. Ed. 1218, Atlee v. Packet Co., 21 Wall. 389, 22 L. Ed. 619, and Maleeny v. Standard Shipbuilding Co., 237 N. Y. 250, 142 N. E. 602. We have not overlooked the Castagna Case (C. C. A.) 280 F. 618, where, in a dictum, it was inadvertently stated the rule is different than stated in Belden v. Chase, supra.

Judgment affirmed, with costs.