## PUGET SOUND NAV. CO. v. NELSON.
### No. 6099.

Circuit Court of Appeals, Ninth Circuit.

June 9, 1930.

Ira Bronson, H. B. Jones, and Robert Bronson, all of Seattle, Wash., for appellant.

Winter S. Martin, Arthur Collett, Jr., and Harry S. Redpath, all of Seattle, Wash., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff in an action at law to recover damages for loss of property and for personal injuries, growing out of a collision, in the inland waters of Puget Sound, between the steam vessel Olympic and the gas boat Magna, the former owned by the appellant, the latter by the appellee. After sunset on the day of the collision, the appellee, on board the Magna, put out from Ballard Locks for Poulsbo, on the opposite side of Puget Sound. The Magna carried a white light in the forepart of the vessel, a green light on the starboard side, and a red light on the port side, but failed to carry "a white light aft, to show all around the horizon," as required by law. 46 USCA § 513. Instead of a white light aft, there was a six-volt white light attached to a beam about two inches inside the open door of the wheelhouse. The door was three feet in width and the light was five feet above the deck, extending down into the doorway, but how far does not appear. The Magna was overtaken by the Olympic at about 5:15 p. m., but was not seen by her navigating officers until the Olympic approached within a hundred feet. The navigating officers then saw a dark object ahead of them, and a signal was given for full speed astern, but the time was too short to avoid a collision. According to their testimony, the navigating officers of the Olympic saw no lights whatever on the Magna prior to the collision. The lookout on the Olympic, at the time of the collision and for some minutes prior thereto, was facing aft, fixing curtains. The other two officers were in the pilot house, about twenty-five feet back from the stem and twenty-five feet above the deck.

■ On the foregoing facts the jury would be warranted in finding that both vessels were at fault, the Olympic for failure to keep a proper lookout, and the Magna for failure to display a proper signal; and in admiralty the rule is well settled that a vessel committing a breach of statutory duty must not only show that probably her fault did not contribute to the disaster, but that it could not have done so. Belden v. Chase, 150 U. S. 674, 699, 14 S. Ct. 264, 269, 37 L. Ed. 1218. And, while this action was tried on the common-law side of the court, the rights and liabilities of the parties are measured by the admiralty law, and not by common-law standards. Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 38 S. Ct. 501, 62 L. Ed. 1171.

■ The appellant requested an instruction in conformity with the foregoing rule in admiralty, but the request was refused. On the contrary, the court instructed the jury, in effect, that, if the appellee had a proper and sufficient light aft which could be seen at a sufficient distance by a vigilant lookout on the overtaking vessel, he was entitled to recover. In other words, the court ignored the mandatory requirement of the statute in reference to the light aft, leaving the question of its sufficiency entirely to the jury, and imposed upon the appellant the burden not only of proving a breach of statutory duty on the part of the appellee, but also that such breach contributed to the disaster. The requested instruction was in accordance with the admiralty rule, and the instruction given ignored the statute and was contrary to the admiralty rule. For these errors, the judgment must be reversed.

■ The appellee contends further that contributory fault or negligence on the part of a plaintiff is no bar to a recovery in an action of this kind. The settled rule is otherwise. In Belden v. Chase, supra, the court said:

"The doctrine in admiralty of an equal division of damages in the case of a collision between two vessels, when both are in fault contributing to the collision, has long prevailed in England and this country. The Max Morris, 137 U. S. 1, 11 S. Ct. 29, 34 L. Ed. 586. But at common law the general rule is that, if both vessels are culpable in respect of faults operating directly and immediately to produce the collision, neither can recover damages for injuries so caused. Atlee v. Packet Co., 21 Wall. 389, 22 L. Ed. 619.

"In order to maintain his action, the plaintiff was obliged to establish the negligence of the defendant, and that such negligence was the sole cause of the injury, or, in other words, he could not recover, though defendant were negligent, if it appeared that his own negligence directly contributed to the result complained of."

■ Counsel further contends that this is essentially a case in admiralty and that we should review it as upon an appeal in admiralty. But the appellee electing to prosecute his remedy at law, as he had a right to do, and having done so, we are not now at liberty to review the case as if brought in admiralty. In many cases a plaintiff has a remedy at law and a concurrent remedy in equity or admiralty, but if he proceeds on

**358**

the law side of the court he cannot, on appeal or writ of error, insist that the case should be reviewed as if brought on the equity or admiralty side of the court.

■ Before closing the opinion, we may say that the appellee has interposed a motion to dismiss the appeal for the reason that jurisdiction to hear and determine the case does not affirmatively appear on the face of the record, inasmuch as the record on appeal does not contain the order of removal to the United States District Court. If the court below had jurisdiction, this court has jurisdiction on appeal, and, if there is any merit in the motion, it would require us to direct a dismissal in the court below for want of jurisdiction, rather than a dismissal of the appeal to this court. In view of a reversal of the judgment on other grounds, the question is not material, but it was admitted on the argument that the case was in fact properly removed into the United States District Court, and in view of that admission, in case of affirmance, we would either direct an amendment of the record or deem it amended to conform to the fact.

■ Counsel also moved to strike the bill of exceptions, because not filed within the time prescribed by the rules of the court below. Whether the time for filing the bill of exceptions was extended by the pendency of a motion for a new trial, we need not inquire, because the bill was filed and settled during the term, and whether the local rule was followed or not is not controlling. Twohy Bros. v. Kennedy (C. C. A.) 295 F. 462; Spokane Interstate Fair Ass'n v. Fidelity & Deposit Co. of Maryland (C. C. A.) 15 F.(2d) 48.

The judgment is reversed, and the case remanded for a new trial.