## THE ANNA O'BOYLE.

## THE ST. VINCENT.

## THE ST. LAWRENCE.

## THE CORONE.

### No. 351.

Circuit Court of Appeals, Second Circuit.

Dec. 11, 1941.

Pyne & Lynch, of New York City, for appellant.

Platow, Lyon & Stebbins, of New York City, for libellant-appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

An interlocutory decree in favor of the libellant was affirmed by us in an opinion reported as The Anna O'Boyle, 122 F. 2d 286. The appellant has petitioned for a rehearing of our decision, its principal contention being that if the evidence was insufficient to establish negligence on the part of the barge, as we held, then there was no negligence proven in respect to the original securing of the lines by the tugs. This is a non sequitur. The negligence of the tugs was in so mooring the floating steamer as to put an improper strain on the stern bitt of the sunken barge and to permit the steamer to rub against the barge on changes of tide and weather. The asserted negligence on the part of the barge was the bargee's failure so to rearrange the lines as to prevent occurrence of the threatened damage. It is claimed that the barge should have payed out the wire cable to ease the strain on the stern bitt. From exhibit 14 it appears that there was little, if any, extra length in the cable, but assuming it could have been paid out to some extent it is not apparent how this would have eased the strain more than momentarily, since the steamer, drifting with the tide, would promptly take up the slack and again exert a sidewise and lifting strain for which the bitt was not constructed. It is contended that the cable might have been shifted to one of the side bitts which were adapted for a side strain in towing alongside. They were not, however, adapted for a lifting strain such as the Corone necessarily exerted as the tide rose, and this was aggravated by her list. Mr. De Mars, an expert witness, testified: "There isn't a bitt on that boat or on any boat built for a lifting strain." As to the claim that the spring lines should have been shifted to give more of a fore and aft lead, there was no proof that they had sufficient length to serve this purpose. The libellant did attempt to place fenders between the vessels but they were ground into pulp.

It is not suggested that the bargee was negligent in failing to cast the Corone adrift. Yet this is the only way, so far as appears, in which the lifting strain, the main cause of the damage, could have been avoided. We see no reason to change our decision that the appellant failed to carry its burden of proving contributory negligence. None of the cases relied upon by the appellant for a division of damages deals with a situation such as this, where a buoyant vessel was moored to a sunken barge in such a manner as to exert a strain that no bitt was adapted to withstand. We adhere to our former decision.

Petition denied.