W. E. HEDGER TRANSP. CORP. v. UNITED FRUIT CO.

United States District Court
S. D. New York.
May 31, 1951.

730

Nathan, Mannheimer, Asche & Winer, New York City (A. J. Asche, B. H. Pollard, New York City, of counsel), for plaintiff.

Burlingham, Veeder, Clark & Hupper, New York City (Benjamin E. Haller, New York City, Curran C. Tiffany, New York City, of counsel), for defendant.

WEINFELD, District Judge.

In this action at law in which jurisdiction rests on diversity of citizenship, the plaintiff seeks to recover damages suffered in the sinking of its barge which, while moored to a pier in the North River, was being loaded with sand ballast from the defendant's ship, S.S. Atenas. The plaintiff's claim is that the defendant so negligently loaded the ballast that its barge developed a twist which caused the sinking.

The case was given to the jury on instructions in accordance with the local law that contributory negligence bars recovery and that the burden of establishing freedom from contributory negligence was on the plaintiff. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645. During its deliberations the jury requested further instructions, stating that it found both plaintiff and defendant negligent. Thereupon the Court with the consent of the parties directed the jury, pursuant to Rule 49 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to return a special verdict, answering three specific questions. These were (1) whether the plaintiff had sustained damage proximately caused by the defendant's negligence; (2) whether the plaintiff's own negligence had contributed to the damage and (3) the amount of the damage. The jury by its verdict answered the first two questions in the affirmative and, in answer to the third question, fixed the plaintiff's damage at Seven Thousand Two Hundred Dollars ($7,200.00).

After the Court had denied the plaintiff's motion to set aside the verdict in respect of the answers to the second and third questions, the defendant moved for judgment on the special verdict dismissing the complaint and the plaintiff moved for judgment for Three Thousand Six Hundred Dollars ($3,600.00), that is, in accordance with the admiralty rule as enunciated in The Max

Morris, 137 U.S. 1, 11 S.Ct. 29, 34 L.Ed. 586, for half of the damage found by the jury. Decision on these motions was reserved and thereafter briefs were submitted and the matter was argued at length.

The basic question to be decided is whether this case is governed by the common law doctrine that contributory negligence is a complete defense or by the rule in admiralty which divides the damage equally between the two parties here found at fault. The question is important and has been earnestly studied.

■ Since the plaintiff's barge was sunk in navigable waters as the result of the negligent performance of a maritime service, the case is one of a maritime tort. Atlantic Transport Co. of West Virginia v. Imbrovek, 234 U.S. 52, 34 S.Ct. 733, 58 L.Ed. 1208.

In Belden v. Chase, 150 U.S. 674, 14 S.Ct. 264, 37 L.Ed. 1218, the Court reviewed a judgment of the New York Supreme Court, 1 N.Y.S. 48, affirmed by the Court of Appeals, 117 N.Y. 637, 22 N.E. 963, in which recovery was sought for a collision on New York territorial waters. The action was, therefore, at law for damages flowing from a maritime tort. The Supreme Court of the United States held that the common law rule which forbids recovery by a plaintiff whose own negligence has contributed to the result complained of was to be applied. Belden v. Chase, supra, has been followed by the Court of Appeals of this Circuit. Guerrini v. United States, 2 Cir., 167 F.2d 352, certiorari denied 335 U.S. 843, 69 S.Ct. 65, 93 L.Ed. 393; In re Pennsylvania R. R. Co., 2 Cir., 48 F.2d 559; Johnson v. United States Shipping Board Emergency Fleet Corp., 2 Cir., 24 F.2d 963, reversed on other grounds, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed 451. The rule is succinctly stated in Guerrini v. United States, supra, 167 F.2d at page 355: "Moreover, whether the defence is total or partial, depends upon the forum."

The plaintiff, however, urges with much force that the trend of decision is towards the view that in the case of a maritime tort the substantive rights of the parties should be determined by the "general maritime law" rather than that of the particular forum in which the litigant chances to seek

redress. The prevalence of this view would, of course, promote the uniformity aimed at in vesting the Courts of the United States with admiralty jurisdiction. Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834; Southern Pacific Company v. Jensen, 244 U.S. 205, 37 S. Ct. 524, 61 L.Ed. 1086. The plaintiff contends that the drift away from the doctrine of Belden v. Chase, supra, has become so strong and definite that Belden v. Chase should no longer be treated as binding authority. For this contention the plaintiff cites various cases and stresses especially Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239; Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Riley v. Agwilines, Inc., 296 N.Y. 402, 73 N.E.2d 718; Jansson v. Swedish American Line, 1 Cir., 185 F.2d 212. Unquestionably broad statements in the opinions of these cases lend support to the plaintiff's position. The plaintiff also leans heavily on Intagliata v. Shipowners & Merchants Towboat Co., 26 Cal.2d 365, 159 P.2d 1, which is indeed direct authority for the plaintiff's thesis that the maritime rule of equal division of damages is applicable in a suit in the State Court to recover on a maritime cause of action. In the Intagliata case the California court reviewed the authorities exhaustively and not alone completely rejected Belden v. Chase, supra, as authority but declined to follow a decision of the Circuit Court of Appeals for the Ninth Circuit based on Belden v. Chase. Puget Sound Navigation Co. v. Nelson, 9 Cir., 41 F.2d 356, certiorari denied, 282 U.S. 869, 51 S.Ct. 76, 75 L.Ed. 768.

The Court has examined the authorities cited and others. Were the question an open one in this Circuit the plaintiff's contentions would merit serious consideration and might even be persuasive. However, Belden v. Chase, supra, has consistently been accepted as controlling in this Circuit, so much so, that a dictum to the contrary, Port of New York Stevedoring Corp v. Castagna, 2 Cir., 280 F. 618, was later repudiated. Johnson v. United States Shipping Board Emergency Fleet Corp., 2 Cir., 24 F.2d 963. It is the settled rule in this Circuit that in an action on the civil side of the Court to recover for a maritime wrong, contributory negligence is a defense. In the circumstances, whatever might be the independent view of the Court on this vexing question, if presented as an original one, this Court sitting at nisi prius must yield to the authority of controlling precedent. If a departure from the rule of Belden v. Chase, supra, is to be made in this Circuit, the change should be declared by the Appellate Court.

Accordingly, the plaintiff's motion for judgment for division of the damage is denied and the defendant's motion for judgment dismissing the complaint is granted, with appropriate exception to the plaintiff. This disposition renders unnecessary discussion of any other question.