## W. E. HEDGER TRANSP. CORP. v. UNITED FRUIT CO.

No. 247, Docket 22221.

United States Court of Appeals
Second Circuit.

July 15, 1952.

Nathan, Mannheimer, Asche & Winer, New York City, A. J. Asche, New York City, of counsel, for appellant.

Burlingham, Veeder, Clark & Hupper, New York City, Chauncey I. Clark, Benjamin E. Haller and Curran C. Tiffany, New York City, of counsel, for appellee.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

SWAN, Chief Judge.

This appeal presents an interesting question, namely, the effect of contributory negligence when the plaintiff elects to bring suit for a maritime tort on the law side of a federal district court. Is the admiralty rule of division of damages to be applied or does the common law rule of contributory negligence bar any recovery? Subsidiary questions concern instructions given the jury and the denial of a motion made by each party for a directed verdict.

The issues of negligence and contributory negligence were sharply contested. On behalf of the plaintiff there was evidence that its barge was in seaworthy condition when placed alongside the steamship Atenas, lying at Pier 9, North River, on December 19, 1945; that during that day and the next sand ballast from the steamer was loaded into the barge by defendant's stevedores in so negligent a manner as to cause the barge to develop a visible twist and leaks which grew progressively worse; that on the afternoon of December 20, the barge was taken in tow by plaintiff's tug and was delivered the following day at Columbia Street, Brooklyn, where on the night of December 24th, in spite of plaintiff's efforts to save her after her arrival in Brooklyn, she sank and became a total loss. The defendant gave evidence that the barge was not in seaworthy condition on December 19th, and the sand ballast was loaded in a proper manner, and contended that the leaks she developed during the loading resulted from her own inherent defects, and the sinking four days later from plaintiff's failure to take proper care of her after the loading was completed. Each party moved for a directed verdict. Both motions were denied and the issues were submitted to the jury in a charge which placed on the plaintiff the burden of proving freedom from contributory negligence. By special verdict the jury found (1) that plaintiff had sustained damage proximately caused by defendant's negligence; (2) that plaintiff's negligence contributed to this damage, and that the amount of the damage was $7,200. Plaintiff moved for judgment in the sum of $3,600 and defendant moved for dismissal of the complaint. Defendant's motion was granted. Before entry of judgment plaintiff moved for a new trial on the ground that the charge to the jury putting upon plaintiff the burden of proving freedom from contributory negligence was incorrect. This was denied without opinion.

Before the necessity arises to decide the interesting question first above stated, we must pass upon the subsidiary questions raised by the respective motions for a directed verdict. Without reciting in detail the evidence upon which each party relies in contending that its motion should have been granted, it will suffice to say that we entertain no doubt that the proximate cause of the sinking was a question for the jury to determine. Evidence that the barge was not twisted when delivered alongside the vessel, that she was twisted when taken away on December 20th, that water coming in through leaks cannot itself cause a twist, no matter how old the boat, but improper loading can twist even a new boat made a

*prima facie* case for the plaintiff. But even if the twist were caused by the defendant's negligence in the way it loaded the barge, the plaintiff was required to supply a reasonably sound barge and to exercise ordinary care and prudence to prevent the sinking four days later.[1] Whether it failed to do so and whether such failure contributed to cause the sinking were likewise jury questions upon the evidence presented. Hence the special verdict that the negligence of both parties contributed to the damage sustained by the plaintiff must be accepted.

In Belden v. Chase, 150 U.S. 674, 14 S.Ct. 264, 37 L.Ed. 1218, which was an action at law in a state court involving a collision between two vessels in the Hudson River, the court declared at page 691 of 150 U.S., at page 269 of 14 S.Ct., 37 L.Ed. 1218:

> "In order to maintain his action, the plaintiff was obliged to establish the negligence of the defendant, and that such negligence was the sole cause of the injury, or, in other words, he could not recover, though defendant were negligent, if it appeared that his own negligence directly contributed to the result complained of."

In Johnson v. United States Shipping Board Emergency F. Corp., 2 Cir., 24 F.2d 963, involving a maritime tort, we relied upon Belden v. Chase in sustaining an instruction that the plaintiff could not recover if guilty of contributory negligence.[2] In the case of In re Pennsylvania R. Co., 2 Cir., 48 F.2d 559, 566, a suit in admiralty to limit liability, we acknowledged the rule to be an anomaly, but we recognized it to be still authoritative, when we said in Guerrini v. United States, 2 Cir., 167 F.2d 352 at 355:

> " * * * Moreover, whether the defense is total or partial, depends upon the forum." [3]

Although the district judge recognized as quite persuasive the plaintiff's contention that the rule announced in Belden v. Chase had been tacitly overruled by later decisions, he felt that the question was foreclosed for him by our dictum in the Guerrini case.

In our opinion that dictum is erroneous. The Guerrini case did not involve the question whether contributory negligence is a total or a partial defense in a suit arising out of a maritime tort, and the sentence above quoted was thrown out without consideration of decisions of the Supreme Court subsequent to Belden v. Chase. Chief among these is Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L. Ed. 239, where the court, after noting that "Contributory negligence is not a barrier to a proceeding in admiralty or under the Jones Act [46 U.S.C.A. § 688], and the state courts are required to apply this rule in Jones Act actions", adverted expressly to Belden v. Chase, saying at page 244 of 317 U.S., at page 250 of 63 S.Ct., 87 L.Ed. 239:

> "In many other cases this Court has declared the necessary dominance of admiralty principles in actions in vindication of rights arising from admiralty law. Belden v. Chase, 150 U.S. 674, 14 S.Ct. 264, 37 L.Ed. 1218, an 1893 decision which respondent relies upon as establishing a contrary rule, has never been thus considered in any of the later cases cited."

And in Seas Shipping Co. v. Sieracki, 328 U.S. 85, at page 88, 66 S.Ct. 872, 874, 90 L.Ed. 1099, the court cited the Garrett case and Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 259, 42 S.Ct. 475, 66 L.Ed. 927, as settling the rule that "a right peculiar to the law of admiralty may be enforced either by a suit in admiralty or by one on the law side of the court."

Precisely in point is Intagliata v. Shipowners & Merchants Towboat Co., 26 Cal.2d 365, 159 P.2d 1. That was an action at law to recover damages for injury to a ship in a collision resulting from the negligence of both parties. Under California law damages would be apportioned according to their respective degrees of fault.

1. Eclipse Lighterage & T. Co. v. Cornell Steamboat Co., 2 Cir., 242 F. 927, 928.
2. Reversed on other grounds, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451.
3. Certiorari denied, 335 U.S. 843, 69 S.Ct. 65, 93 L.Ed. 393.

After an exhaustive examination of the authorities the court determined that the admiralty rule of equal division must be applied. In a state court action in Virginia the admiralty rule as to contributory negligence has also been applied. Colonna Shipyard v. Bland, 150 Va. 349, 143 S.E. 729, 59 A.L.R. 497.[4] Commentators have likewise recognized that the doctrine of Belden v. Chase no longer has vitality. Robinson, Admiralty, p. 860; 6 N.Y.U.L.R. 15, 30; 64 Harv.L.Rev. 246, 255. We agree. Consequently the plaintiff was entitled, if the jury was correctly instructed, to a judgment for one-half the damages found by the special verdict.

■ This would be true even if Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 were thought to be applicable because federal jurisdiction was claimed on the ground of diversity of citizenship, since New York would look to the admiralty rule to determine the effect of contributory negligence. Riley v. Agwilines, Inc., 296 N.Y. 402, 73 N.E.2d 718. But as we said in Cannella v. Lykes Bros. S. S. Co., 2 Cir., 174 F.2d 794, 796, certiorari denied 338 U. S. 859, 70 S.Ct. 102, 94 L.Ed. 526, we think the appeal should be decided under the maritime law rather than the local law of the state. In accord is Jansson v. Swedish American Line, 1 Cir., 185 F.2d 212, 216.

■ The appellant contends that the jury was erroneously instructed that plaintiff had the burden of proving freedom from contributory negligence. The point is well taken. The admiralty rule is that the defense of contributory negligence must be affirmatively pleaded and proved by the defendant.[5] A plaintiff's freedom from this burden is a "part of the very substance of his claim and cannot be considered a mere incident of a form of procedure." See Garrett v. Moore-McCormack Co., 317 U.S. 239, 249, 63 S.Ct. 246, 252, 87 L.Ed. 239. Hence whether the district court refers directly to maritime law under the doctrine of the Cannella case, or, following Erie, looks to New York law which refers the court to admiralty law, the result is the same; the burden of proving contributory negligence should have been placed upon the defendant. La Guerra v. Brasileiro, 2 Cir., 124 F. 2d 553, 555–556, certiorari denied 315 U.S. 824, 62 S.Ct. 918, 86 L.Ed. 1220.

■ It is also contended that error was committed in charging that the defendant was under no duty to furnish trimmers or to care for the barge after she was towed away from the steamship by the plaintiff's tugs, even though plaintiff may have requested defendant to do so. Since the jury found defendant negligent, we do not see that plaintiff was prejudiced by the charge complained of, even if it be assumed that it should not have been given.

Because of the error in the charge as to burden of proof the case must be remanded for a new trial unless the appellant shall elect to take judgment for one-half the damages found by the jury. Decree reversed and cause remanded for further proceedings in conformity with this opinion.

4. The Virginia case was cited in footnote 8, in the Garrett opinion, 317 U.S. 239, 244, 63 S.Ct. 246, 87 L.Ed. 239.

5. The Anna O'Boyle, 2 Cir., 124 F.2d 180, 181; The Diamond Cement, 9 Cir., 95 F.2d 738, 742; Goodrich Transit Co. v. City of Chicago, 7 Cir., 4 F.2d 636, 637. Cf. Inland & Seaboard Coasting Co. v. Tolson, 139 U.S. 551, 11 S.Ct. 653, 35 L.Ed. 270; Central Vermont Ry. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L. Ed. 1433.