■ CHARLES AMSTERDAM, Appellant, v. COMPANIA NAVIERA "ESTRELLA DE PLATA", S. A. PANAMA, R. P., et al., Respondents.— In an action to recover damages for personal injuries sustained by a passenger on a ship, the appeals are (1) from a judgment dismissing the complaint at the close of appellant's evidence as to respondent Arnold Bernstein Shipping Company, Inc., and at the close of the whole evidence as to respondent Compania Naviera "Estrella de Plata", S. A. Panama, R. P., (2) from an order entered July 18, 1958 denying appellant's motion to resettle the judgment so as to state that the dismissals were without prejudice, and (3) from an order entered September 2, 1958 denying appellant's motion for a new trial and to vacate the dismissals on the ground of various claimed errors of the trial court. Judgment insofar as it is in favor of respondent Compania Naviera against appellant reversed, action severed, and a new trial granted as between appellant and said respondent, with costs to abide the event. Judgment insofar as it is in favor of respondent Bernstein against appellant affirmed, without costs. Appeal from order of July 18, 1958 dismissed, without costs. Order of September 2, 1958 affirmed as to respondent Bernstein, without costs, and appeal from said order insofar as respondent Compania Naviera is concerned dismissed, without costs, as academic. The ship, which was of Panamanian registry and flag, was owned by respondent Compania Naviera and was on a cruise from Miami, Florida. The accident occurred on the high seas south of Florida, and appellant is a citizen of the United States. The contract of passage, which was entered into in Miami, contained provisions relating to claims for bodily injury to passengers and the following further provision:

" All questions arising on this contract shall be decided according to United States law, with reference to which this contract is made." Appellant sustained his injury in the quarters of the ship's doctor when the doctor closed a door on appellant's finger. Two causes of action were set forth in the complaint, the first based on negligence and the second based on the contractual obligation to accord appellant safe transportation. We "must look to the decisions of the Federal courts to define the liabilities of shipowners" for injuries sustained on board ship (*Riley* v. *Agwilines, Inc.*, 296 N. Y. 402, 405; *McFall* v. *Compagnie Maritime Belge* [*Lloyd Royal*] *S. A.*, 304 N. Y. 314, 323–324; *Hedger Transp. Corp.* v. *United Fruit Co.*, 198 F. 2d 376; *Jansson* v. *Swedish Amer. Line*, 185 F 2d 212; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149). It was correct for appellant to base his action on the alleged breach of contractual obligation as well as in tort (*New Jersey Steamboat Co.* v. *Brockett*, 121 U. S. 637; *O'Rourke* v. *Cunard S. S. Co.*, 169 App. Div. 943, affd. 222 N. Y. 574; cf. *Busch* v. *Interborough R. T. Co.*, 187 N. Y. 388; *Gillespie* v. *Brooklyn Heights R. R. Co.*, 178 N. Y. 347). If the action had been only in tort (and if there had not been agreement between the parties that all questions arising on the contract, which would necessarily include questions on claims of bodily injury to appellant as a passenger, were to be decided according to United States law), it may well be that, under the doctrine of *Lauritzen* v. *Larsen* (345 U. S. 571), Panamanian substantive law, that is, the law of the flag, would govern this case. However, in view of the fact that appellant was suing on the contract and, moreover, in view of the fact that the contract contained the above-quoted provision, the substantive law applicable was that of the United States. Therefore, the learned Trial Justice erred when he ruled, after respondent Compania Naviera rested, that Panamanian law was applicable, and dismissed the complaint as against respondent Compania Naviera on the ground that appellant had failed to present Panamanian law as evidence so as to show that he had a right of action under that law. Upon the proof adduced, the trial court should have submitted the case to the jury, with proper instructions based on the applicable maritime law of the United States. Dismissal of the complaint as to respondent Bernstein was correct, since no proof had been adduced that Bernstein owned or controlled the ship. According to the admitted pleadings and the evidence, Bernstein was the agent for a disclosed principal, Compania Naviera, in arranging for appellant's passage on the ship. An order denying a motion to resettle a judgment so as to modify or change the relief granted by the judgment is not appealable (*Cohen* v. *Cohen*, 286 App. Div. 1035; *Genadeen Caterers* v. *Hotel Genadeen*, 277 App. Div. 892). Furthermore, the appeals from the orders are academic insofar as respondent Compania Naviera is concerned, in view of the determination herein made on the appeal from the judgment as to that respondent. However, we have examined the merits of the appeal from the order of July 18, 1958 insofar as respondent Bernstein is concerned and would affirm said order as to that respondent if the appeal therefrom were not being dismissed. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.