Willie Ralph RAY, to his own use and to the Use of Liberty Mutual Insurance Company

v.

COMPANIA NAVIERA CONTINENTAL, S.A., a body corporate, Defendant and Third-Party Plaintiff (Robert C. Herd & Co., Inc., and Grace Lines, Inc., Third-Party Defendants).

Civ. No. 11025.

United States District Court
D. Maryland.
March 23, 1960.

**212**

Amos I. Meyers, Baltimore, Md., for plaintiff.

John H. Skeen, Jr., and Skeen, Wilson & Coughlin, Baltimore, Md., for Compania Naviera Continental, S. A.

Southgate L. Morison and David Ross, Baltimore, Md., for Grace Lines, Inc.

THOMSEN, Chief Judge.

■ This is a civil action for personal injuries alleged to have been caused by an accident on defendant's vessel, the S. S. Transyork, which occurred in *February*, 1958. The question presented by the pending motion is whether defendant can bring a third-party complaint under Rule 14(a), F.R.Civ.P., 28 U.S.C.A., against Grace Lines, Inc., alleging that "some or all of the disability claimed by plaintiff in the complaint in this action against defendant" is attributable to an injury alleged to have been sustained by plaintiff in *November*, 1958, as a result of the negligence of Grace Lines, Inc., and the unseaworthiness of its vessel, the S. S. Santa Barbara, on which plaintiff was then employed as a seaman.

■ Rule 14(a) permits impleader only when the third-party is or may be liable to the defendant for all or part of the plaintiff's claim against him. It does not authorize impleader in such a case as this. Where the maritime law or applicable state law provides for a substantive right of contribution between joint tort-feasors, Rule 14(a) provides the procedure for its enforcement. 3 Moore's Federal Practice, 2d ed., sec. 14.11; Russell, Poling & Co. v. United States, D.C.S.D.N.Y., 140 F.Supp. 890, 1956 A.M.C. 1106. But defendant and Grace Lines, Inc., are not joint tort-feasors.

Defendant argues: "Without Grace Line in the case, defendant Naviera will undoubtedly become victim of an award intended to compensate plaintiff for the total effect of his injuries. No one seriously believes that Naviera can, as a practical matter, be protected against this event by the Court's instructions." I do not agree that the Court's instructions are so ineffective; if they prove to be so in this case, defendant will not be without remedy. In any event, defendant's argument would not justify the Court's exceeding the authority granted by Rule 14(a).

The motion of Grace Lines, Inc., to dismiss the third-party complaint as against it is hereby granted.