JUDITH TORRES ET AL., Plaintiffs and Appellees, *v.* METRO-
POLITAN BUS AUTHORITY, Defendant and Appellant;
CAROLINA CASUALTY INSURANCE COMPANY, Third-Party
Defendant and Appellee.

No. R-64-153. Decided February 1, 1965.

*Picó & Rosa Silva* for appellant. *Héctor Martínez Muñoz* and *José Enrique Otero* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Judith Torres, assisted by her husband José Manuel Fontánez, filed a claim for damages against the Metropolitan Bus Authority allegedly caused by a chauffeur of one of defendant's buses as a result of his negligent action in starting the vehicle suddenly as plaintiff alighted from the bus. It was also alleged that as a result of the fall, plaintiff received a contusion with abrasion on the right knee and another contusion on the right side of her forehead, besides other injuries, having been treated in the Hospital of the Capital situated in Río Piedras, and that as part of the treatment she was administered antitetanic serum which caused her severe anxiety manifested by episodes of hemianesthesia, numbness of the body, and restlessness. Defendant answered setting up as a defense that the accident was due to plaintiff's sole and concurrent negligence.

Eight months later[1] the Authority filed a third-party claim against Carolina Casualty Co., insurer of the Government of the Capital, alleging that, since among the damages claimed are those produced by the administration of antitetanic serum,[2] in the event it were held liable, the munici-

---

[1] Federal Rule 14(a)—amended to become effective on July 1, 1963—provides that the defendant may move the court for leave before a third party can be impleaded, unless it is filed within 10 days after service of the answer. See Note, 43 Minn. L. Rev. 115 (1958).

[2] In the answer to an interrogatory defendant advised that the reaction of anxiety and nervous restlessness were the result of an antitetanic,

pality would in turn be liable to defendant for the totality or part of the indemnity awarded. At the request of Carolina Casualty Insurance Co., the third-party claim was dismissed on the ground that it was "untenable in the light of the existing Municipal Law."

 We have repeatedly held that where an injury is the result of the combined negligence of several persons, such persons are jointly and severally liable to the aggrieved party, the latter being entitled to bring action against one or all who caused the damage. *Cole* v. *Escambrón Development Co.*, 73 P.R.R. 477, 492 (1952); *García* v. *Government of the Capital*, 72 P.R.R. 133 (1951); *Rivera* v. *Great Am. Indemnity Co.*, 70 P.R.R. 787 (1950); *González* v. *White Star Bus Line*, 53 P.R.R. 628 (1938); *Cubano* v. *Jiménez et al.*, 32 P.R.R. 155 (1923). We have also recognized the right of contribution between two or more persons whose combined or concurrent negligence causes the damage to a third person, *García* v. *Government of the Capital, supra*, and that the third-party claim is the proper medium to bring to court any tortfeasor who was not originally joined by the aggrieved party. See Annotations, *Contribution between negligent tortfeasors at common law*, 60 A.L.R.2d 1366 (1958), and *Right of defendant in action for personal injury or death to bring in joint tortfeasor for purpose of asserting right of contribution*, 11 A.L.R.2d 228 (1950); 3 Moore, Federal Practice § 14.11 (2d ed.). These principles are invoked by defendant-appellant in support of its third-party claim in the present case.

██ ██ Assuming that under Rule 12.1 of the Rules of Civil Procedure of 1958 a defendant may bring in the action a person jointly responsible in order to hold said person

---

antitoxic, allergic reaction. As to the existence of cause of action in similar situations, see *Castro* v. *Municipality of Guánica*, 87 P.R.R. 690 (1963), and *Sáez* v. *Municipality of Ponce*, 84 P.R.R. 515, 521 (1962).

liable to him, and not directly to plaintiff, for the totality or part of the original claim, cf. *Cortijo Walker* v. *Water Resources Authority, ante*, p. 557, and *Marcano Torres* v. *Water Resources Authority, ante*, p. 635, the situation under consideration does not permit the application of the principles enunciated because (a) the damage is not the result of the combined or concurrent negligence of the Metropolitan Bus Authority and the Government of the Capital—the cause of action on which the complaint is predicated arises from the exclusive negligent action of defendant's employee in which the municipality did not intervene;[3] and (b) even accepting that the cloak of contribution could be extended to cover the aggravation of damages by the independent act of another party which took no part in the original cause of the damage,[4] it does not appear from the pleadings—complaint and third-party complaint—that the acts attributed to the municipal employees were caused through fault or negligence. The fact alone that plaintiff has suffered an allergic reaction is not index of negligence.

We need not therefore decide whether the lack of notice required by § 96 of the Municipal Law, 21 L.P.R.A. § 1603, *Mangual* v. *Superior Court*, 88 P.R.R. 475 (1963), may be raised as a defense by the company insurer of the munici-

---

[3] *Ray* v. *Compañía Naviera Continental*, 3 F.R.Serv.2d, 14a.11, 25 F.R.D. 211 (1960), presented a similar situation. That was an action claiming damages for an accident sustained in February 1958. Defendant filed a third-party complaint alleging that the injuries claimed were attributable to another accident sustained in November of the same year as a result of negligence of the third-party defendant. The third-party complaint was dismissed on the ground that the parties were not joint tortfeasors.

See, also, *Goldlawr, Incorporated* v. *Shubert*, 276 F.2d 614 (3d Cir. 1960); *Delano* v. *Ives*, 40 F.Supp. 672 (1941).

[4] In *Merced* v. *Government of the Capital*, 85 P.R.R. 530 (1962), we said that a person is liable to the aggrieved party for injuries caused through his fault or negligence, as well as for acts performed by a third party in rendering the aid required by the injury inflicted, irrespective of whether such acts are done in a proper or negligent manner.

pality.[5] For the reasons stated, the third-party claim fails to allege facts warranting the granting of relief.

The judgment rendered by the Superior Court, San Juan Part, on June 18, 1964, will be affirmed.

---

[5] See Annotation, *Claim for contribution or indemnification from another tortfeasor as within provisions of statute or ordinance requiring notice of claim against municipality*, 93 A.L.R.2d 1385 (1964).